## Case No. 17,920.

### In re WITKOWSKI.

[10 N. B. R. 209.] [1]

District Court, S. D. Mississippi. 1874.

EXAMINATION OF BANKRUPT.

The assignee in bankruptcy has no right to examine the bankrupt under the provisions of section 26 of the bankrupt act [of 1867 (14 Stat. 529)], after his discharge from his debts and liabilities provable under said act.

[Cited in Wagner v. Superior Court of Los Angeles Co., 100 Cal. 361, 34 Pac. 820.]

In bankruptcy.

HILL, District Judge. The only question which need now be considered arising out of the proceedings before the register as certified, is, "Has the assignee a right to examine the bankrupt under section 26 of the bankrupt act, after the discharge of the bankrupt from his debts and liabilities provable under the bankruptcy?" This is the first time this question has been presented to me, and aside from its importance to the parties interested in these proceedings, is one of no small importance to bankrupts and those entitled to their examination, and should be definitely settled, that the latter may know the time in which the examination must be made, and the former when he is freed from liability to such examination. The act does not in express terms limit the time for the examination, but there must be a time when this right ceases, and this time must be ascertained from the evident intent and purpose of the law, as found from an examination of its different provisions, and from which it will be found that all questions pertaining to the bankrupt, his estate, and those having claims upon it, shall be settled and terminated within the shortest period in which it can fairly and reasonably be done. Hence it is provided that proceedings in involuntary bankruptcy must be commenced within six months after the act of bankruptcy is committed; suits to recover property and assets from those to whom they have been sold or transferred in fraud of the bankrupt act must be commenced within six months from the sale or transfer. Proceedings to recover back property, money, or other means given as a preference, against the provisions of the act, must be commenced within four months from the time the preference is given. Exceptions to the report of exemptions must be filed within twenty days. Opposition to the bankrupt's discharge must be made on the very day fixed to show cause against it, and specifications must be filed within ten days thereafter. Suits by or against the as-

signee respecting the property rights of the bankrupt estate must be brought within two years after the appointment of the assignee, and to this no exceptions are engrafted. The discharge of the bankrupt is conclusive of the regularity of the proceedings, and can only be attacked in the court granting it upon proceedings for that purpose, commenced within two years from its date, and for some of the causes mentioned, unknown to the attacking party, when it was granted. The reason for this speedy action is obvious. The purpose of the law is to place within the possession of the creditor that to which he may be entitled, within the shortest reasonable time, and at the same time, if the bankrupt has made a fair and honest surrender, and complied with the requisitions made of him, to give him a speedy release, and let him begin anew to provide an honest living for himself and those dependent upon him, and again become a useful and active member of society.

To attain these objects, the whole machinery is framed and adjusted. The creditors are at the earliest period notified of the proceedings and made parties to it; it is their right, and they have the opportunity to except to everything done prejudicial to their interest. This they must do at the proper time so as not to retard or embarrass the proceedings. They are notified of the different meetings of the creditors, and especially of the third, generally the last meeting, when the assignee's report and account is required to be filed. This meeting is held before the register upon the day fixed to show cause against the bankrupt's discharge, when he is required to be present, and submit to his final examination by the register, the assignee, or any creditor who has proved his claim; and at any time before this the bankrupt, his wife, and any other witness may be examined by any creditor who has proved his debt upon a proper showing, or by the assignee, who is both the agent of the creditors and officer of the court. Thus ample opportunity is given all interested to look into and protect their interest, and if they neglect to do so within proper time have no one to blame but themselves. After a careful examination of the whole question, I am satisfied that this last meeting of the creditors and final examination of the bankrupt concludes the right of the assignee as well as the creditors to an examination of the bankrupt under the 26th section of the act. But, while this is so, it does not exclude the creditors from an examination of the bankrupt upon the trial of an issue opposing the discharge, or for its revocation after granted, or the assignee from calling him as a witness upon the trial of any cause by or against him touching the bankrupt's estate. But in such investigations the bankrupt occupies the position of a witness, his counsel may cross-examine him, or he may appear as a witness in his own behalf, and the ex-

[1] [Reprinted by permission.]

amination must be confined to the issue made by the pleadings.. I..am sustained in the conclusions reached, by Judge Woodruff, of the Second circuit, in an able and exhaustive δpinion in Re Dole [Case No. 3,964], referring to the case of Jones [Id. 7,449] and the case of Dean [Id. 3,701].

In this case the last meeting of creditors and time for the final examination of the bankrupt, was held on the 21st day of June, 1869; but one debt had then been proved, and no exceptions filed; the assignee's account was approved, and he · discharged. The register certified that the bankrupt had complied with the requirements of the law, and nothing appeared against his discharge; and nothing appearing against his discharge a decree was entered awarding him his discharge, and on his application a certificate was issued to him on 1st day of February, 1871. More than two years elapsed after the granting of the discharge, before any other step was taken by the assignee, when he filed his application for permission to bring suit for the recovery of assets alleged to have been fraudulently omitted from the bankrupt's schedules, and which had but recently come to his knowledge, which leave, upon the ex parte application, was granted. To aid this recovery is the purpose of the examination sought, and which was applied for and an order made by the register the 1st of March last, to which the bankrupt except-·ed, and claiming his right to exemption from 'such examination, refused to answer many questions propounded to him by the assignee, and which it is insisted by the assignee he should be compelled to answer.

Under the conclusions reached, the bankrupt is entitled to the exemption claimed from such examination, and cannot be compelled to make further answer under this order, which, with the proceedings under it will be set aside, without prejudice to the assignee, to have the benefit of the testimony of the bankrupt in the proceedings now pending against him or others in the court in New York, to recover the assets claimed to be due the bankrupt estate, to be taken under the rules of that court.