CHARLES P. CARD *vs.* AMELIA F. ALEXANDER AND OTHERS.

A testator made the following bequest to his wife:—"I give to my wife *A* the sum of $400 annually out of the income of my estate during her natural life, to be in lieu and in full discharge of all right of dower; and if she shall refuse to accept the same in lieu of dower then she shall be entitled to have only her right of dower in my estate." A year and a half after the execution of the will the testator obtained a divorce from his wife for her misconduct, and four years afterwards died, leaving a large estate. By statute the wife by the divorce lost her right of dower. Held—

1. That the bequest was not to be regarded as conditioned upon her remaining the wife of the testator.
2. That the provision with regard to her not taking the bequest unless she relinquished her dower, was not to be regarded as a condition that she should be entitled to dower and so be able to relinquish it.
3. That the divorce did not, as matter of law, make the bequest void or operate as a revocation of it.

Ruling as to the order of argument, p. 494.

SUIT for advice as to the construction of a will and for the determination of the conflicting claims of the defendants in the matter; brought to the Superior Court in Windham County. The plaintiff was administrator with the will annexed. The court found the following facts.

Luther D. Alexander, the testator, of Killingly in Windham County, died March 1st, 1879, leaving the will in question, which was executed in March, 1873, and which was duly proved after his death. At the time of its execution Amelia F. Alexander, one of the respondents, was his wife. The will contained the following clause:—

"*Item* 2. I give and bequeath to my wife, Amelia F. Alexander, the sum of four hundred dollars annually, to be paid to her annually by my executor hereinafter named out of the income of my estate during her natural life, said annual payment of four hundred dollars to be in lieu of and in full discharge of all rights, claims or demand of dower on my estate, and if she shall refuse to accept the same in lieu of dower then she shall have and be entitled to have only her right of dower in one-third of my real estate."

The testator afterwards, at the August term, 1874, of the Superior Court for Windham County, obtained a divorce from the said Amelia upon the ground of "such misconduct on her part as permanently destroyed the happiness of the petitioner and defeated the purposes of the marriage relation," personal service of the petition having been made upon her.

The inventory of the testator's estate was about $120,000, consisting of about $72,000 personal, and $48,000 real estate, including that devised in the will.

The plaintiff claimed an adjudication of the conflicting claims under the clause in the will that has been stated and

prayed that the parties interested be required to set forth their respective claims for that purpose. Mrs. Alexander filed an answer, claiming the bequest made to her, while the other parties interested claimed that the legacy was rendered inoperative and void by the divorce.

Upon these facts the case was reserved for the advice of this court.

Before the argument commenced in this court *Mr. Hubbard,* counsel for the defendants other than Amelia F. Alexander, asked for a ruling of the court as to which party should go forward, the controversy being merely between different defendants. The matter was discussed by him and by *Mr. Halsey,* counsel for Mrs. Alexander. The judges ruled that as Mrs. Alexander claimed under the will and the other defendants were merely resisting her claim, she must be regarded as having the affirmative and as entitled to go forward in the argument.

*J. Halsey* and *C. E. Searls,* for the defendant Amelia F. Alexander.

The legacy given to Mrs. Alexander is absolute and unconditional, and in no way affected by the divorce. The contestants can not claim that it has become inoperative by reason of any express provision of the will; the language of the testator is explicit and unconditional, save only as modified by a reference to the right given by law to the legatee if she should continue to be his wife until his decease, to reject the gift and claim an interest in the realty. He gives a certain sum to a particular person, called by name, and further identified as the wife of the testator, and for a fixed period. The gift is not stated to have been made because she was his wife, nor upon condition that she remain such until his decease. The contestants must rest their claim upon the only other basis possible, and say that the reason and motive of the gift implied in the phraseology of the instrument, and inferred from the circumstances, were the then existing relationship of the testator and the legatee, and therefore in the word "wife," as used in this connection, and in the provision that

the bequest should be in lieu of dower, are found an implied condition to the effect that the bequest should become void, if the legatee should at any time, and for any cause whatever, cease to be the wife of the testator.

1. It will be noticed that under such claim as this the question as to the fault or misconduct of the one party or the other, and upon whose petition the divorce was granted, becomes of no consequence, and the case stands precisely as it would have stood had the position of the parties been reversed, and the legatee had obtained the divorce of her own motion for the misconduct of the testator.

2. There is nothing in the finding to indicate that the testator, at the time of making the will, anticipated any separation from his wife, or made his will with any reference thereto. "The doctrine is, that the construction of a will cannot be affected by the occurrence of contingencies against which the testator might have provided differently if they had occurred to his mind. The court can place itself only in the position of the testator, but cannot interpret the will by the light afforded by any subsequent occasion not amounting to a revocation or ademption of a gift in the will." Wigram on Wills, 52; 2 Redfield on Wills, 22.

3. If the motive of the testator and the reason of the making of the bequest are an element in the case, and the testator had any thought at the time of a possible separation in the future, we say that the motive and reason, as arrived at by a consideration of the surrounding and attendant circumstances, are not as claimed by the contestants. The divorce took place in about a year from the time of the making of the will, the testator lived nearly five years thereafter, and the will remained until his decease unchanged; she was the mother of his children, his wife for many years; the estate is very large, and the legacy but a pittance.

4. No legal inference can be drawn from the word "wife," associated with the name of the legatee, as to the motive of the testator in making the bequest, nor is there any condition implied therein. The word is descriptive of the person, and not of the character under which she takes. 1 Jarman on

Wills, (5th Am. ed.,) 598; 1 Redfield on Wills, 382; 2 Bishop on Marriage & Divorce, 26; Godolphin's Orphan's Legacy, 462; *Brett* v. *Rigden*, Plowden, 344; *Garratt* v. *Niblock*, 1 Russ. & Mylne, 629; *Woodright* v. *Wright*, 10 Mod., 370; *Parker* v. *Marchant*, 1 Y. & Coll., 290; *Bullock* v. *Zilley*, Saxton, 489. Nor can such inference be drawn from the provision as to dower. At the date of the execution of the will Mrs. Alexander was the wife of the testator, and the claim was inserted to meet a contingency which might at any moment arise, and for the occurrence of which the testator naturally provided. It by no means presupposes the retention by the legatee of the same relation or title as that borne by her at the date of the will. The relationship then existed, and the testator provided for it.

5. If, however, the language of the bequest will warrant the inference that the motive and reason of the gift were as claimed by the contestants, it will not render the bequest inoperative. If the reason for a gift does not exist, or, existing at the time, afterwards fails, the gift does not fail, and a misdescription of character does not defeat the bequest, nor render it a bequest upon condition, when there is no doubt as to the person intended, unless the character be assumed by the legatee as a fraud upon the testator. An express bequest can in no case be controlled by the reason assigned, nor rendered conditional thereby. 2 Wms. Exrs., 1087, 1155; 2 Redf. on Wills, 26; 1 Story Eq. Jur., § 183; *Schloss* v. *Stiebel*, 6 Sim., 1; *Rishton* v. *Cobb*, 9 id., 615; *Giles* v. *Giles*, 1 Keen, 685.

6. The equities of the case are entirely with the legatee, and the court will, if the language of the bequest can reasonably bear such construction, so interpret it as to sustain the gift.

*R. D. Hubbard* and *G. W. Phillips*, for the defendants other than Mrs. Alexander.

1. A divorce in this state divests each party of those executory property rights which have no basis but the coverture; such as curtesy, the husband's right to the wife's

choses in action, and dower, except where the wife is the innocent party. Bishop on Marriage & Divorce, 670. The effect upon property rights of a divorce *a vinculo* is substantially that of death. Schouler on Dom. Rel., 112, 146, 299; Tyler on Inf. & Cov., 291; Bishop on Mar. & Divorce, 654, 658, 661, 667, 670; Coke Lit., 28; *Lee* v. *Lee*, 2 Dickens, 806; *Charruaud* v. *Charruaud*, 1 N. Y. Leg. Obs., 134; *Clarke* v. *Lott*, 11 Ill., 105; *Barber* v. *Root*, 10 Mass., 263; *Harvard College* v. *Head*, 111 id., 212; *Mattocks* v. *Stearns*, 9 Verm., 326; *Townsend* v. *Griffin*, 4 Harring., 440; *Starr* v. *Pease*, 8 Conn., 541; *Wheeler* v. *Hotchkiss*, 10 id., 225. It bars dower at common law. Coke Lit., 32 *a;* Schouler on Dom. Rel., 185. The wife divorced for her own misconduct is not entitled to statutory alimony, and forfeits all right to a maintenance. *Allen* v. *Allen*, 43 Conn., 419.

2. The annuity was revoked by implication.—1st. By reason of presumed intention. An intention to revoke a bequest is to be presumed from an act done by the testator inconsistent with its standing. The implication here is necessary in order to avoid contradictory consequences. 1 Swift Dig., 455. Judge Redfield says:—"There are cases where the legatee who is to receive the benefit of a bequest survives the testator, that it will yet fail and become inopertive on the ground of some contingency upon which the vesting is made to depend. When the legacy never vests it is properly regarded as having lapsed, whether the event occurs before or after the death of the testator." 2 Redf. on Wills, 157. A legacy to a charitable institution which was dissolved in the testator's life time lapses. *Fisk* v. *Attorney-General*, Law Rep., 4 Eq. Cas., 521. A corporation is an artificial person and it was dissolved. The marriage, upon which this annuity depends, is an artificial relation, and was dissolved in the life of the testator.—2d. The position may be maintained on the ground of legal presumption, altogether independent of any voluntary action or actual purpose of the testator in the particular case. Witness the common law rule as to marriage and birth of a child. It is sometimes said to be founded on the presumption that if the will had been

made under the changed circumstances, it would not have been made as it was. 1 Redf. on Wills, 295; *Doe* v. *Lancashire*, 5 T. R., 49; *Carter* v. *Thomas*, 4 Greenl., 341; *Tyler* v. *Tyler*, 19 Ill., 151; *Carey* v. *Baughn*, 36 Iowa, 540. Here there was a tacit condition annexed to the annuity, (saying nothing now about the written one,) that it should not take effect in case of the change which occurred in his lifetime. The law pronounces this upon the ground of a "*presumptio juris et de jure*," so violent that it could not even be rebutted by parol. *Goodlittle* v. *Otway*, 2 H. Bla., 517.—3d. In the case of marriage the implied revocation rests upon the legal operation of the act of marriage. Here it rests upon the legal operation of the act of divorce; and the law goes so far as to say that it need not rest at all upon any actual intention or purpose of the testator. The cases are analogous. The reason in one may well be applied to the other. The result obtained is the same in both.

3. The annuity was to the then wife, if at his death she should be in the character to be entitled to dower, and that was the sole foundation and motive of the gift. Any other construction would manifestly defeat the intention. 2 Redf. on Wills, 27, 28; *Bent's Appeal from Probate*, 38 Conn., 26. When legacies are given to persons in the character of executors and not as marks of personal regard, such bequests are considered to be given upon an implied condition "that the parties clothe themselves with the character in respect to which the benefits were intended for them." Willard's Eq., 535. Such provision is compensatory. *Colt* v. *Colt*, 33 Conn., 280.

4. The annuity was contingent. It depended upon an event that never happened. The supposed annuitant never became entitled to it. 2 Redf. on Wills, 217, 251.

5. It was conditional and upon condition precedent. The argument is stronger in favor of a condition precedent, when a gross sum of money is to be raised out of land, than when it is a demise of land itself; when a pecuniary legacy is given, than when a residue; where the nature of the interest is such as to allow time for the performance of the act before its

usufructuary enjoyment commences, than where not; when the condition is capable of being performed instanter, than where time is requisite for its performance. 1 Jarman on Wills, 804. The condition was one the testator had a right to make, was real and substantial, and must be strictly performed. 2 Redf. on Wills, 294; 1 Story Eq. Jur., §§ 291 *et seq.; Ackerly* v. *Vernon,* Willes, 153. The words "if," "when," &c., are words which indicate that the legacy will not vest until the condition is performed. Willard's Eq., 425; *Colt* v. *Hubbard,* 33 Conn., 281. In express terms without resorting to argumentative inferences, it was a provision in lieu of dower and conditioned 'upon acceptance of it in satisfaction. It follows that to take under it she must survive him as his widow, or have been divorced without alimony, being the innocent party. It is a legacy to her only in the relation of wife. The plain intent was to annex to the substance of the annuity for a consideration, a condition precedent *limiting its acquisition* to the event that the then wife should be entitled to dower at his decease. Redfield says:—"It seems to be agreed that in regard to all conditions, whether in a deed or will, or in simple contracts, where the condition is in the nature of a consideration for the concession, its performance will be regarded as intended to precede the vesting of any right, and so a condition precedent." 2 Redf. on Wills, 283.

6. It was a consideration for a release or concession of dower. She must then have been entitled to dower at his death, in order to furnish the consideration required. The court is asked, notwithstanding the common law and the statute, to create by construction a right to have the annuity, which by the words of the will was made to be *in lieu of dower.* By her own misconduct she has forfeited dower and is estopped now from claiming the annuity. She gained a right of dower by marriage and lost it by her own fault. Shall she take just as much as though there had been no divorce, against the manifest intention of the testator? It is a rule "that the court will construe words with reference to events occurring during the lifetime of the testator, when

that is requisite in order to give them a sensible operation." 1 Redf. on Wills, 386, 454.

7.  It was in no sense a gratuitous disposition of property in any event and cannot stand as such, but being a consideration for release of dower in terms, its acceptance must precede the vesting of any right. It was referential and substitutional. It cannot stand as a gift, but only as a substitute for the dower in case his then wife should be entitled at his death, and elect to accept it as such in full satisfaction. It was not a distinct, independent disposition of property, but subservient to the purpose of inducing its acceptance in lieu of dower, he intending to give it only in so far as it should succeed in effecting that object. A provision in a will is not to be considered a bounty, where the testator declared it to be for a relinquishment of something to which the person is entitled by law, or in discharge of some legal or equitable claim. 2 Story Eq. Jur., § 1100. At his decease the law gave her no claim, nor was he after the divorce, nor is the estate now, under any legal, equitable or moral obligation to her. If she takes it now, she must take it as a gift purely, contrary to the express provision of the testator. Relinquishment of dower is a valuable acquisition to the estate, and in this case what was made to be its equivalent if accepted by her would have been paid in full in case of a deficiency, as she would have taken as a purchaser. 2 Redf. on Wills, 364, 453. By her own wrong she lost widowhood, consequently dower at common law and by statute, and hence the right to ask for that which was only in substitution for it. The annuity was to purchase dower, and she had none to sell. The marriage was dissolved. The consideration which was the life and soul of the inducement for the annuity was gone and nothing remained. The provision was in the nature of an executory contract, the performance of which she cannot ask to have executed, because upon her part she fails to furnish and do the thing required. 2 Parsons on Cont., 528. It is a universal principle—equally a rule of law, equity and moral justice—that he who asks a specific performance must himself be in a condition to per-

form. In such cases the rights and duties of the parties are reciprocal and mutual. At the moment she lost dower, the reciprocity between them relating to this matter ceased, and the thing may be said to be like the case of a "nude pact." 1 Black. Com., 310. In one respect it resembles a gift *inter vivos*, when the gift is incomplete because of something which remains to be done to make the title complete in the donee. In such cases it is not sustained. Or like a conditional sale where no title vests until the performance of the condition. These are conditions precedent and no title passes even on delivery. Non-performance works a forfeiture of payments. It makes no difference that this is a will instead of a contract, especially as the annuity is not a bounty. *Continental Life Ins. Co.* v. *Palmer*, 42 Conn., 67. A bequest in lieu of dower and its acceptance amounts to a matter of contract. The wife is to be paid the bequest in preference to other legatees. Willard's Eq., 552.

8. The decree which dissolved the marriage contract was the act of the law. 2 Black. Com., 123. Divorce laws do not belong to the parties wholly but in part to the public. Schouler's Dom. Rel., 291. Her own wrong in the commission of such an offence against the husband as to entitle him to a divorce, prevented the performance of the condition. Any cause of divorce presupposes an offence committed by the other party.

9. Redfield lays down the doctrine that an estate by will which depends upon a condition precedent, cannot vest where the condition fails of performance for any cause. It certainly did not vest in this case. More especially is this so by reason of the fact that here the performance of the condition forms the sole consideration for the provision in the will. 2 Redf. on Wills, 289; 2 Jarman on Wills, 13. Roper on Wills (vol. 1, p. 755,) says:—"If it was not known to the testator that the condition was or would become impossible, and from the nature of the requisition it appeared to be the sole motive of the gift, then impossibility would still preclude the legatee." This doctrine runs through all the text books and decisions upon the subject. 1 Swift Dig., 94; 1 Black.

Com., 157; Willard's Eq., 524; 2 Redf. on Wills, 284; 1 Jarman on Wills, 683; 2 Story Eq. Jur., §§ 1304 *et seq.; Wheeler* v. *Walker*, 2 Conn., 201; *Lloyd* v. *Holly*, 8 id., 494; *Bacon* v. *Huntington*, 14 id., 92; *Collins Manf. Co.* v. *Marcy*, 25 id., 242; *Colt* v. *Colt*, 33 id., 280; *Hoyle* v. *Putnam*, 46 id., 61; *Minot* v. *Prescott*, 14 Mass., 495; *Prescott* v. *Prescott*, 7 Met., 143; *Cooper* v. *Remsen*, 3 Johns. Ch., 382; *Caw* v. *Robertson*, 1 Seld., 125; *Bramhall* v. *Ferris*, 14 N. York, 41; *Cary* v. *Bertie*, 2 Vern., 333; *Ackerly* v. *Vernon*, Willes, 153; *Roundell* v. *Currer*, 2 Brown Ch., 67; *Lester* v. *Garland*, 15 Ves., 248; *Tattersall* v. *Howell*, 2 Mer., 26; *In re Welstead*, 25 Beav., 613; *Makeown* v. *Ardagh*, 10 Irish R. (Eq. S.,) 444; *Robinson* v. *Wheelwright*, 6 De G. M. & G., 538; *Lindsay* v. *Lindsay*, Law Reps., 2 Prob. & Div. Cas., 459; *Duddy* v. *Gresham*, 39 Law Times R., N. S., 48.

CARPENTER, J. This is an application for a judicial construction of the will of Luther D. Alexander. The second clause of the will, which is the one in question, reads as follows:—

"I give and bequeath to my wife, Amelia F. Alexander, the sum of four hundred dollars annually, to be paid to her annually by my executor hereinafter named out of the income of my estate during her natural life; said annual payment of four hundred dollars to be in lieu of and in full discharge of all rights, claims or demand of dower on my estate; and if she shall refuse to accept the same in lieu of dower, then she shall have and be entitled to have only her right of dower in one third of my real estate."

The will bears date and was executed in March, 1873. In August, 1874, Luther D. Alexander was duly divorced from Amelia F. Alexander on his own petition, and died on the first day of March, 1879, leaving two children his heirs at law.

The question now presented for our consideration is, whether the second clause in the will was revoked by the divorce.

We think the bequest is absolute. The words "my wife"

are descriptive of the person, and do not import a condition that if she survives him she shall remain his wife until his death. The words which follow do not change the meaning and have little force. They simply express the testator's will that she shall not have the legacy and dower, instead of leaving it to the implication of law to the same effect. That was more satisfactory to him, and was doubtless all that he intended.

It is a will we are considering and not a contract. A bequest requires no consideration to support it. Hence the suggestion that the relinquishment of dower was in the nature of a consideration for the bequest has no special force. It is true that by accepting the bequest she would thereby have relinquished her right of dower if she had had such right, and by electing to take dower she would have waived her right to the bequest; but that does not make the one, in a legal sense, a consideration for the other. Motives or reasons for doing an act are quite distinguishable from a legal consideration essential to the validity of an act.

The counsel for the heirs however insist that she must not only be willing but able to relinquish her right of dower; that is, that she must actually have such right at the time of her husband's death. No such condition is expressed in the will, and the words used do not imply one. They afford slight if any evidence that such a condition was in his mind. If he had intended it apt words to express such an intention would doubtless have been employed. In the absence of such words we must infer that he had no such intention.

But it is contended that the divorce by operation of law revoked this bequest. No case is cited in support of this position, and we are not aware that any exists. It may be true that the divorce divested the wife of all those executory property rights which had no basis but the coverture; but that hardly reaches this case, for here the right rests mainly, not upon coverture, but upon the will; and it cannot be said that coverture was the sole motive or inducement to the will. After that was taken away it still remained true that she had been his wife, and that she was the mother of his children.

It is hardly credible that any man of ordinary sensibilities would desire to leave her destitute. Add to this the further facts, which exist in this case, that the testator was possessed of a large estate, that the provision made for the wife was a mere pittance, and that he lived nearly five years after the divorce making no change in his will, and the conclusion is well nigh irresistible that he did not intend to deprive his former wife of the provision he had made for her. There is not therefore sufficient reason for presuming that the testator intended by procuring the divorce to revoke the legacy to her; and these considerations are cogent reasons why we should not hold, as matter of law, that the divorce revoked the legacy.

Moreover the analogies of the law, so far as there are any, are against it. The death of the wife during the lifetime of the testator defeats the legacy, because it then lapses as in ordinary cases. The dissolution of a corporation legatee has the same effect. In these cases the objects of the testator's bounty cease to exist before the will takes effect. In this case she survives and is capable of taking. A more analogous case is that of marriage; and it is now well established that marriage alone will not revoke a will previously made. In order to have that effect there must be coupled with it the birth of a child or children.

We think the second clause of the will is operative, and the Superior Court is so advised.

In this opinion the other judges concurred.