CHARLES D. DAVIS & others *vs.* CLARENCE A. BUNKER, assignee.

Middlesex.    December 10, 1896. — February 27, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Insolvent Debtor* — *Power of Court to order Officers of Corporation to submit to Examination.*

It is within the power of the Court of Insolvency, in the exercise of its discretion, to order the officers of an insolvent corporation to submit to an examination at any time.

PETITION, under Pub. Sts. c. 157, § 15, alleging that the Tuxedo Manufacturing Company, a corporation duly organized under the laws of the Commonwealth, filed a petition in the Court of Insolvency for the county of Middlesex on May 11, 1895, and a warrant in insolvency duly issued ; that the petitioners were officers of the corporation at the time the petition in insolvency was filed ; that the first meeting of the creditors of the corporation was held on May 23, 1895, at which time the respondent was duly appointed assignee ; that the second meeting of the creditors was held on July 25, 1895, and the third meeting on November 14, 1895 ; that the third meeting was adjourned to December 12, 1895, and again adjourned to April 9, 1896 ; that at the adjourned meeting on April 9, 1896, the respondent requested the court to authorize him to examine the petitioners, and asked to have the meeting of the creditors adjourned to a future date for that purpose ; that thereupon the court adjourned the meeting to May 14, 1896, and later on the same day the respondent filed in the Court of Insolvency a petition, praying that the present petitioners might be required " to attend and submit to an examination under oath before the court by your petitioner touching the trade and dealings, property and debts of said insolvent corporation, and all other matters which may affect the settlement of the estate of said insolvent corporation in insolvency " ; that thereupon a citation issued to the petitioners to appear on April 13, 1896, to submit to an examination, as prayed for by the respondent, who was ordered to file specifi-

cations on or before that day; that the respondent filed a written statement purporting to be such specifications; that the petitioners, in obedience to the citation and summons issued under the petition of the respondent, appeared specially by their attorneys and objected to the examination for certain reasons, and asked that the petition and the proceedings be dismissed, and that they should not be held to answer thereto or to submit to the examination; that the Court of Insolvency refused to dismiss the petition and the proceedings, and ordered the petitioners to submit to the examination; that the respondent had full knowledge of the affairs of the corporation at the time of the insolvency proceedings, and at all times subsequent thereto; that he had from the beginning of the insolvency proceedings possession of all books, vouchers, and other papers, showing fully the condition of the corporation, and all its affairs and dealings; that from the date of the insolvency proceedings to April 9, 1896, the respondent made no application for the examination of the petitioners, but on the contrary expressly disclaimed any intention of examining them; and that, at the adjourned meeting on December 12, 1895, the respondent strongly opposed a further adjournment of the case, for the reason that it was for the interests of all persons interested in the estate to have the case closed.

The prayer of the petition was that this court would stay all further action on the petition of the respondent; that it would vacate the order of the Court of Insolvency, commanding the petitioners to appear and submit to an examination; and that it would order the petition of the respondent to be dismissed.

The answer alleged that the respondent, since the beginning of the insolvency proceedings, had not previously asked for an examination of the petitioners, because at all times since the second meeting in insolvency one or more creditors had been anxious to conduct the examination on their own behalf, and at their own expense, the results of which examination would have inured to the benefit of all the creditors; that an examination was set for November 22, 1895, at which, by advice of counsel, the petitioners did not appear, and by request of such counsel the examination was continued until the next day; that it was subsequently continued at their request, at intervals of one or two weeks, to December 21, 1895, upon which day a formal

opening was made in the examination; that at the request of the petitioners' counsel the examination was further continued until January 25, 1896, when it appeared that the creditor in whose name the examination had been begun no longer desired to continue it, and although counsel for another creditor was present and anxious to go on with the examination, counsel for the petitioners declined to proceed further; that on February 10, 1896, a petition was filed by the Globe Newspaper Company upon which a citation issued returnable on February 17, on which date the examination was further continued until February 24, and then, at the request of that creditor, was dropped; that on March 10 a petition for an examination was filed by another creditor, upon which a citation was issued returnable on March 16, upon which date counsel for the petitioners appeared and objected to the examination, and a hearing was set for April 1 or 14, the first dates upon which a hearing could be had; that on March 17 another petition was filed by another creditor asking for an examination, and at a hearing upon the petition on March 19 the whole matter was continued until the regular adjourned third meeting upon April 9, on which day the respondent, in order to prevent further delays, filed his petition for examination as stated therein. Hearing upon the petition and answer, before *Allen,* J., who dismissed the petition, and, the petitioners having appealed, reported the case for the consideration of the full court.

*E. R. Champlin,* for the petitioners.

*G. Cunningham,* for the respondent.

MORTON, J. The question in this case relates to the power of a court of insolvency to examine the officers of an insolvent corporation. The Tuxedo Manufacturing Company, of which the petitioners were officers, was duly adjudged insolvent on May 11, 1895, and on the 23d of that month the respondent was duly appointed assignee. Afterwards various creditors from time to time filed petitions to examine the officers, the last being filed on March 17, 1896, and then continued to April 9. The parties filing these petitions were led successively to abandon them for reasons which do not appear, and on April 9, 1896, the respondent filed the petition to which this appeal relates, and the petitioners after due hearing were ordered to submit to examination.

The third meeting was held on November 14, 1895, and adjourned to December 12, and thence to April 9.

The provisions relating to the examination of the officers of insolvent corporations are to be found in Pub. Sts. c. 157, § 130, and are as follows: " All the provisions of this chapter which apply to the debtor, or set forth his duties in regard to executing papers, submitting to examinations, . . . shall in like manner and with like force, effect, and penalties, apply to each and every officer of the corporation in relation to the same matters concerning the corporation and the money and property thereof." The provisions relating to the examination of debtors are to be found in § 70 of the same chapter, and are these: " The debtor shall, when required by the court at any time before the granting of his certificate, upon reasonable notice, attend and submit to an examination on oath before the judge, by the assignee or by any creditor, touching his trade and dealings, his property and debts, and all matters which may affect the settlement of his estate in insolvency." It is evident that these provisions cannot apply literally to officers of corporations, for it is expressly provided that discharges shall not be granted to them. Pub. Sts. c. 157, § 135. The petitioners contend, however, that the intention is that the examination of officers of corporations shall be limited in the same manner as that of debtors, which, generally speaking, will take place, if at all, at or before the third meeting, though if a discharge shall not then have been granted it may take place later. *Kimball* v. *Morris*, 2 Met. 573. Otherwise, they say, there would be no limit to the time when officers of corporations could be examined. But we think, in view of the fact that it is provided that discharges shall not be granted to corporations or their officers, that the reason for limiting their examination as that of debtors is limited fails, and that the more natural construction is that they may be examined at any time, in the exercise of a sound discretion on the part of the court, which in the present case we see no reason to doubt was properly exercised. The United States Bankrupt Law provides that " the court may . . . at all times require the bankrupt, upon reasonable notice, to attend and submit to an examination." U. S. Rev. Sts. § 5086. But it has been held that the generality of this clause is controlled by a subsequent

clause that " the bankrupt shall at all times, until his discharge, be subject to the order of the court," (§ 5104,) and that the bankrupt is not liable to examination after his discharge. *In re Dole,* 11 Blatch. 499 ; *S. C.* 9 Nat. Bankr. Reg. 193. *In re Jones,* 6 Nat. Bankr. Reg. 386. *In re Witkowski,* 10 Nat. Bankr. Reg. 209. Bump on Bankruptcy, (10th ed.) 653. As thus construed, the bankrupt law does not differ materially from our insolvent law in respect to its provisions for the examination of debtors. But though the provisions of the bankrupt law in regard to the examination and discharge of officers of bankrupt corporations are like those of our insolvent law (U. S. Rev. Sts. § 5122), we have been referred to no case, and have found none, in which a construction such as the petitioners contend for here has been given to the bankrupt law; and the reasons given for refusing a discharge to corporations under the bankrupt law, which would apply equally under the insolvent law, would seem to exclude such a construction. *New Lamp Chimney Co.* v. *Ansonia Brass & Copper Co.* 91 U. S. 656.

We think, therefore, that the order dismissing the petition should be affirmed.                                    *So ordered.*