In re CABANISS' ESTATE.

No. 30739. Sept. 29, 1942.

Rehearing Denied Oct. 20, 1942.

*129 P. 2d 1003.*

Arney & Barker, of Clinton, for appellants.

Mitchell & Mitchell, of Clinton, for appellee.

HURST, J. William F. Cabaniss died testate and his will was duly admitted to probate. The second paragraph of the will is as follows:

"Second: To my wife Ada Cabaniss I will and bequeath the home place which contains one hundred forty-five acres or about, until her death or until she marries again. This does not include any live stock."

The will contained several specific devises and bequests, and a residuary clause in favor of his three sons and one daughter. After the will was executed Ada Cabaniss secured a divorce from testator together with judgment for alimony, which was paid. About two months after the divorce decree was entered William F. Cabaniss died without having changed his will. The will was duly admitted to probate, and thereafter Ada Cabiness filed petition for distribution to her of the property covered by the clause in the will above quoted Two of the residuary devisees filed objections to the said petition on the ground, among others, that the divorce

had the effect of revoking the provision in favor of Ada Cabaniss. From an order overruling the objections thereto and sustaining the petition, the objecting devisees appealed to the district court.

Prior to the filing of the petition by Ada Cabaniss and the objections thereto, the two objecting residuary devisees filed an independent action in the district court asking that the will be construed and that the district court decree that Ada Cabaniss take nothing by said provision in the will, and that title to the property be quieted as against her. The probate appeal and the independent action were heard at the same time, and the district court affirmed the judgment of the county court and sustained a demurrer to the petition in the independent action. At the same time, and by agreement of the parties, the two cases were consolidated so that they could be appealed to this court as one case, and they were docketed under another number. A separate motion for new trial was filed in the consolidated case and the same was overruled, and the two residuary devisees appeal.

1. The first question presented is this: Is a provision in a will made by one spouse in favor of the other spouse revoked by the subsequent divorce of the parties in which the devisee is awarded and collects judgment for alimony? We think this questoin must be answered in the negative.

84 O. S. 1941 § 101 provides:

"Except in the cases in this article mentioned no written will, nor any part thereof, can be revoked or altered otherwise than: . . ."

The section then provides that a will may be revoked by the testator by another instrument properly executed, or by being burnt, torn, canceled, obliterated, or destroyed. The next five sections of the statute elaborate on the methods of revocation by the positive acts of the testator as provided in section 101. Section 107 provides that, with certain exceptions, the subsequent marriage, or the subsequent marriage and birth of a child as a result of such marriage, revokes the will. Section 108 provides that a will executed by an unmarried woman is revoked by her subsequent marriage. Our statutes make provision for the revocation of a will by operation of law in only the two instances indicated. Many states have statutes containing a general provision for the revocation of wills "implied by law from subsequent changes in the condition or circumstances of the testator," or similar provisions (68 C. J. 825, note 36), but our statute contains no such provision.

Section 101 of our statute, above, contains no ambiguity. It makes the specified methods of revocation exclusive. Such was the holding of this court in the case of In re Ballard's Estate, 56 Okla. 149, 155 P. 894. The California statute is identical with our section 101, and in the case of In re Comassi's Estate, 107 Cal. 1, 40 P. 15, it was held that the statutory methods of revocation are exclusive and abrogate the doctrine of implied revocation except as is provided by statute. It is true that the California Code contains an additional provision that "a written will cannot be revoked or altered otherwise than as provided in the Civil Code," yet we think such provision adds nothing to section 101, above. It merely expresses in different language the thought expressed in section 101.

What we have said is in accord with the general rule that, when a statute provides the manner in which a will may be revoked, the statutory method is exclusive. See 68 C. J. 800, 826; 28 R. C. L. 171; Thompson on Wills (2d Ed.) § 176; Schouler on Wills, Executors and Administrators (6th Ed.) § 577; Ross, Probate Law and Practice, § 33; Bohleber v. Rebstock, 255 Ill. 53, 99 N. E. 75, 41 L. R. A. (N. S.) 105, Ann. Cas. 1913D, 307; Gay v. Gay, 60 Iowa, 415, 14 N. W. 238, 46 Am. Rep. 78.

2. It is intimated in the brief of the appellants by the fact that the devise was "to my wife Ada Cabaniss" the testator did not intend the devise to Ada Cabaniss if she ceased to be his wife. There is no provision in the will to the

342

effect that she should not take the devise if she ceased to be his wife. We are of the opinion, and hold, that the use of the term "my wife" is merely descriptive of the person and was not intended as a limitation upon the right of Ada Cabaniss to take. 69 C. J. 194, note 64; 25 A. L. R. 53, annotation; 28 R. C. L. 254, § 227; Meeker v. Draffen, 201 N. Y. 205, 94 N. E. 626, 33 L. R. A. (N. S.) 816 and note, Ann. Cas. 1912A, 930, and note; Card v. Alexander, 48 Conn. 492, 40 Am. Rep. 187; Re Jones' Estate, 211 Pa. 364, 60 Atl. 915, 69 L. R. A. 940, 107 Am. St. Rep. 581, 3 Ann. Cas. 221; In re Simpson's Will, 280 N. Y. S. 705. Contra, In re Gilmour's Estate, 260 N. Y. S. 761.

3. Appellants further contend that 12 O. S. 1941 § 1279 precludes the appellee from claiming an interest in testator's estate, but they cite no authorities to support such contention. That section provides:

"A divorce granted at the instance of one party shall operate as a dissolution of the marriage contract as to both, and shall be a bar to any claim of either party in or to the property of the other, except in cases where actual fraud shall have been committed by or on behalf of the successful party."

The section has to do with claims that one spouse may have and enforce against the property of the other by reason of the marriage relation, and has nothing to do with the right of a legatee or devisee to claim under a will, though the testator may have been a former husband or wife of a devisee or legatee. 84 O. S. 1941 § 45 specifies the persons capable of taking property by will, and it does not prohibit a divorced spouse from so taking.

It is not necessary to discuss other questions argued by the appellee.

Affirmed.

OSBORN, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., CORN, V. C. J., and RILEY, J., absent.