In re COOK'S ESTATE.

No. 31483. Dec. 21, 1943.

*144 P. 2d 105.*

R. M. Mountcastle, of Muskogee, for plaintiff in error.

Jno. W. Porter, of Muskogee, for defendant in error.

DAVISON, J. In this appeal we are called upon to consider and review another and additional phase of the liti-

gation which was carefully analyzed in our prior opinion when, on April 28, 1942, we decided the case of Mertz v. Owen, 191 Okla. 77, 126 P. 2d 720.

In this case the asserted right of I. H. Mertz, an executor who has been removed for cause, to receive compensation for his service is challenged by his successor administrator with will annexed. The county court of Muskogee county and the district court of the same county on appeal have both decided the question in favor of the removed executor. The administrator with will annexed appeals, appearing herein as plaintiff in error.

Annie S. Cook died on October 25, 1937. On November 16, 1937, the will in question was admitted to probate and letters testamentary were issued to I. H. Mertz, who entered on the duties of his office. Mertz was also designated in the will as trustee to recover and hold a large portion of the property for the use and benefit of named beneficiaries or cestuis que trustent.

On November 17, 1938, Mertz was removed for cause as executor, after hearing by the county court upon petition of Dorothy Evelyn English, one of the persons beneficially interested in the estate. No appeal was taken from the order or portion of order. However, upon the same petition and amendments thereto and upon complaint therein conjunctively made, and heard, the power of Mertz to act as trustee under and by virtue of portions of the will was repudiated on November 23, 1938, at an adjourned hearing on that phase of the controversy.

An appeal was taken from the last-mentioned portion of the order or judgment to the district court, where it was consolidated with other appeals and with other actions in which the original jurisdiction of the district court was invoked. See Mertz v. Owen, supra.

In the trial of the consolidated cases the conduct of Mertz in connection with the estate was thoroughly investigated, and on appeal to this court was carefully reviewed. Upon review of the evidence, we ascertained the facts as reflected by the record and expressed our judgment thereon. We decided that Mertz was not aggressive and diligent in the management of the affairs of estate, but that (except in one particular) his conduct, in view of past acquiescence therein by the deceased during her lifetime and those beneficially interested in the estate after her death, was not sufficiently neglectful to justify the imposition of a pecuniary liability upon him.

On the 6th day of October, 1942, which was subsequent to the date on which our decision in Mertz v. Owen, supra, became final, the county court of Muskogee county allowed Mertz the sum of $2,916.07 as compensation for his prior services as executor. An appeal was taken to the district court by Bates, administrator with the will annexed, where on December 24, 1942, the same result was, as previously, announced.

In connection with the trial of the case it is stipulated that our prior decision, which exhaustively reviewed the conduct of Mertz as administrator, was offered in evidence by the administrator and admitted.

We are thus considering the propriety of the trial court's allowance of a fee to an executor when such executor has been guilty of lack of aggressiveness in the management of an estate, sufficient in magnitude to justify his removal but insufficient, except in one particular, to justify charging him with pecuniary responsibility for resulting loss.

It is stated by the parties to this controversy that this court has never directly passed on the question of whether the court having jurisdiction to administer an estate may refuse compensation to an executor who has been guilty of mismanagement or more reprehensible misconduct in conjunction with the affairs of the estate.

From an examination of the authorities from other jurisdictions, it appears that three views are possible: First, that the executor should in all cases be allowed compensation, and that where

he has been guilty of mismanagement or other misconduct such compensation may be offset by liability to the estate resulting from such misconduct; second, that in cases where he has been guilty of misconduct involving bad faith justifying removal and creating pecuniary liability to the estate, compensation should be denied; third, that the court possesses discretionary authority to deny or reduce compensation on the grounds of mismanagement or other misconduct.

In 21 Am. Jur. 682, it is stated:

"It is generally held that an executor or administrator who has been guilty of fraud, dishonesty, bad faith, or misconduct resulting in loss or detriment to the estate is not entitled to commissions for his services. One of the acts constituting misconduct sufficient to justify the forfeiture of compensation is the executor's or administrator's mingling of funds of the estate with his personal funds. *Generally, however, the question whether the particular misconduct of the representative was such as to warrant the refusal of commissions is regarded as a matter resting within the discretion of the court: commissions may be allowed in a proper case, although the representative was guilty of misconduct or mismanagement . . . where an executor or administrator resigns or is removed before complete administration, it is generally a question of judicial discretion as to whether compensation shall be allowed, and in what amount, within statutory limits.* The courts have sometimes denied the right to compensation and have sometimes exercised their discretion by apportioning compensation between the successive administrators or executors." (Emphasis ours.)

Did the trial court in this case abuse its discretion in allowing a fee to Mertz?

Our prior analysis of the facts in this case as reflected by our opinion in Mertz v. Owen, supra, was before the trial court in this case. It constituted an important factor in disposing of this phase of the litigation. We therein pointed out:

". . . It appears from the record that Mertz handled more than a million dollars in the course of his connection with these properties and that the records which he kept with respect to this income were of the simplest type. These records consisted simply of bank deposit slips showing the deposits of money and a list of the checks drawn against this money. It appears that once a month he furnished Mrs. Cook with a list of these items, showing the balance to her account in the bank. The contention that Mertz did not deposit or otherwise account to Mrs. Cook for all of the money that came into his possession fails for want of proof. . . .

"If complete affirmative approval of his conduct cannot be seen from her acts and conduct, at l e a s t her silence amounted to acquiescence for such a period of time as to have precluded her from maintaining a cause of action against Mertz in her lifetime, and likewise precludes those who claim under her. . . .

"Remembering that Mrs. Cook died testate and named Mertz executor of her will and trustee of the estate which she created, and remembering that her acquiescence in or ratification of his conduct in the management of her affairs in her lifetime was sufficient justification for Mertz to suppose she was satisfied for such to continue after her death, we think there is no occasion to charge Mertz with any part of the damages alleged to have occurred to the trust estate through his mismanagement of its income producing properties up to the time that the beneficiaries became dissatisfied therewith and had him removed. It appears from this record that the beneficiaries acted with reasonable dispatch when they became aware of the type of management and discretion Mertz was exercising toward the trust estate from which they were to derive the income. They procured Mertz' removal as executor as soon as was reasonably practicable and ended the course of conduct which they felt would result in damage to their interests. Therefore, insofar as the judgment of the court seeks to surcharge Mertz with damages alleged to have been suffered by the trust estate between the date of Mrs. Cook's death and his removal as executor, it is erroneous and must be vacated."

It thus appears that Mertz was neither

legally nor morally dishonest; that he acted in his usual and customary manner in connection with the affairs of the estate; that he was selected with knowledge of his characteristics, and that he devoted considerable time to the management of the estate. He should be paid.

Under the circumstances of this case, we are of the opinion, and hold, that no abuse of discretion was involved in allowing an executor's fee to Mertz.

It is appropriate to mention at this point that there was an allocation of the commissions provided by statute between Mertz and Bates, and that the amount allowed Mertz by the trial court was actually less than his proportionate share.

It is suggested in the brief of plaintiff in error that since the petition upon which Mertz was removed as executor contained charges of misconduct more grave than mismanagement, and since the order removing him as executor was not appealed from, we should in this appeal from another and subsequent order presume that Mertz was guilty of everything that was alleged concerning him in the petition seeking his removal even though such presumption is contrary to the facts as established and determined.

The causes of action in the two proceedings were not the same. The order in the first proceeding was, binding on the court; in the second only as to the matters actually litigated, and it was appropriate that the trial court should investigate the case for the purpose of determining the actual basis of Mertz' removal from among the several things with which he was charged and for which he could have been removed. Oklahoma Moline Plow Co. v. Smith, 81 Okla. 61, 196 P. 962; 30 Am. Jur. 925; 30 Am. Jur. 998 and 999.

The basis of the prior order removing Mertz as executor as reflected in this case was mismanagement consisting mainly of lack of aggressiveness and discretion in conducting the affairs of the estate.

The order of the trial court allowing commissions to Mertz for his services as executor is approved.

CORN, C. J., and OSBORN, BAYLESS, WELCH, and HURST, JJ., concur. ARNOLD, J., not participating. GIBSON, V. C. J., and RILEY, J., absent.