In re JONES' ESTATE.

No. 31523. Jan. 9, 1945.

Rehearing Denied Feb. 20, 1945.

*155 P. 2d 980.*

Charles A. Chandler, of Cleveland, O., and L. F. Burke and Bailey M. Salmon, both of Longview, Tex., for plaintiff in error.

W. J. Crump, of Wewoka, and Thos. W. Leahy, of Muskogee, and Harrington & Harrington, of Longview, Tex, for defendants in error.

DAVISON, J. This appeal is from the district court of Muskogee county. The controversy arose upon settling the final account and report of Ida Mae Jones, executrix of the estate of Andrew Jones, deceased. The cause was first tried in the county court of Muskogee county, then appealed to the district court.

By the district court judgment, Ida Mae Jones, the purported widow of Andrew Jones, deceased, was denied a widow's share in the estate. She was also removed as executrix and denied compensation for services previously performed in that capacity.

The district court also refused to determine the ownership of certain items of property claimed by Ida Mae Jones individually, which claims were disputed by the other heirs and devisees of the deceased. Ida Mae Jones has appealed and will hereinafter be referred to as appellant.

On November 6, 1940, Andrew Jones died testate at Claremore, Okla., while a resident of Muskogee county, Okla. He was survived by 12 adult children and his reputed wife, Ida Mae Jones.

The children dispute the existence of the relationship of husband and wife. They assert that the absence of that relationship had the legal effect of preventing appellant from claiming as one of the residuary legatees under the residuary clause of the codicil which reads:

"All the rest, remainder, and residue of the property which I may own or of which I may be seized or possessed at the time of my death, whether real, personal, or mixed, not by said will or this codicil disposed of, I give, devise, and bequeath to the persons, and in the proportion, as they would be respectively entitled to under the laws of intestacy."

The appellant contends that she was the wife of the deceased. In the alternative she asserts that, if she was not his wife, she was entitled to a widow's share as devisee under the above-quoted residuary clause.

In the will appellant was given some Texas real estate which was income producing by reason of producing oil wells thereon. In the codicil she was designated as executrix without bond. In the latter instrument the children were also named and given $1 each. In this connection she calls our attention to the fact that she was mentioned by name in the will and codicil five times. On three of the five occasions she was described as "my beloved wife."

The county court approved the latter theory of appellant. The district court on appeal adopted the opposite theory and held for the children on the point.

In 1928 and prior years the Joneses lived in Texas. In that year (April of 1928) the first wife of Andrew (the

mother of his 12 children) died. On March 21, 1929, Andrew married or attempted to mary Ida Mae Sharns, now Ida Mae Jones, appellant herein. The marriage ceremony was performed in Gregg county, Tex. Thereafter they lived together continuously as man and wife until the death of Andrew. In 1932 they moved to Oklahoma and acquired a home in Muskogee county, where they lived until the death of Andrew in 1940. They both thought they were legally married.

Before her marriage to Andrew appellant had been married to one Venus Rhodes. After living together in Fort Worth, Tex., for a time, the couple separated. She met Andrew about a year before her marriage to him. Courtship followed, in the progress of which Andrew was advised of her former marriage and of the fact that she was procuring a divorce.

Appellant employed an attorney to procure the divorce and was paying the fee to him on an installment plan. She misunderstood her lawyer and believed the divorce had been procured, when only her petition and a waiver by her former husband had been filed. She married Andrew. Her divorce action was later dismissed without her knowledge for failure to prosecute.

The trial court (district court of Muskogee county) found that the marriage to Andrew was invalid by reason of appellant's undissolved prior marriage. It held that the prior marriage prevented appellant from receiving a portion of Andrew's property as a devisee under the will.

The intent of Andrew to make proper provision for appellant is manifest. The will and codicil were intended to make such provision.

In the case of In re Cabaniss' Estate, 191 Okla. 340, 129 P. 2d 1003, it was decided by this court that a wife who had procured a divorce from her husband and received and collected a judgment for alimony was nevertheless entitled to claim as devisee under a will naming her as such, the phrase "to

my wife" being merely descriptive of the person. Also, see: Gelston v. Shields, 78 N. Y. 275; Hardy v. Smith, 136 Mass. 328, and Pastene v. Bonini, 168 Mass. 85, 44 N.E. 246; Wenning v. Teeple, 144 Ind. 189, 41 N. E. 600, and Taylor et al. v. Higgs et al., 202 N.Y. 65, 95 N.E. 30.

In the case of Pastene v. Bonini, supra, it was stated:

"The question before us is as to the person entitled to take under the designation of 'my wife' in the fourth and fifth clauses of the will of the testator. In Hardy v. Smith, 136 Mass. 328, a woman describing herself as 'Mary M. Perkins, wife of Ezra G. Perkins,' made a will, containing this clause: 'I give and bequeath to my husband one-half of all my personal property.' In fact the testatrix was not the wife of Perkins, but of one Hardy, and the latter contended that he was entitled to take this one-half as her husband. But this court held that the question was to be determined by the intention of the testatrix; that the husband had no vested right to be made a legatee, and could not become such by estoppel, or as a consequence of immoral or reprehensible provisions in the will, but only by the intention of the testatrix. . . . . "

The foregoing cases are of controlling importance in this case.

The contest between appellant as the reputed second wife of Andrew and the children of Andrew by his first marriage must be resolved in favor of appellant. Her right to receive the interest under the will and codicil, as manifested by the intent of the testator, will be respected, and we so hold.

Appellant has indicated an intent to litigate certain items of property claimed by her as a result of gift as opposed by the claims of other devisees under the will. This intent to litigate specific items of property in proceedings before a court of competent jurisdiction deprives her of the right to further serve the estate as executrix in a representative capacity, but not of the right to compensation for services previously rendered. She is subject to

removal. In re Kelly's Estate, 132 Okla. 21, 269 P. 282; In re Cook's Estate, 193 Okla. 400, 144 P. 2d 105.

Compensation for services rendered by appellant as executrix may be determined when the estate of Andrew is closed, until which time her claim for such compensation may be held in abeyance.

Appellant also complains of the refusal of the district court to determine the ownership of disputed items of property. She claims a joint bank account as survivor. Green et ux. v. Comer, 193 Okla. 133, 141 P. 2d 258. She also claims that certain items of personal property were given to her by the deceased testator prior to his death. The refusal of the district court to determine the ownership of disputed items of property was proper. In re Kelly's Estate, supra.

Appellant inherits only by virtue of the will and codicil, it having been determined that the attempted marriage between appellant and deceased was invalid by reason of her prior undissolved marriage. Therefore, statutes pertaining to the survivor of "either husband or wife" and making special allowances for said survivor are not applicable to appellant and do not operate to her advantage. She cannot legally be classified as a "widow" or "surviving wife". For the same reason she does not get a homestead interest.

The decision of the district court is reversed, with directions to grant a new trial and determine this cause in a manner not inconsistent with the views herein expressed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, and ARNOLD, JJ., concur.