Tono L. HOOKER, Administrator of the Estate of Flora B. Barton, Deceased, and Tono L. Hooker and J. D. Hooker, Individually, Plaintiffs in Error,

v.

Chandos A. HOSKYNS, Surviving Co-Administrator of the Estate of Flora B. Barton, Deceased, and Estelle C. Barton, Administrator of the Estate of Charles O. Barton, the Latter being a Deceased Co-Administrator of the Estate of Flora B. Barton, Deceased, Defendants in Error.

No. 39993.

Supreme Court of Oklahoma.

March 3, 1964.

G. C. Spillers, G. C. Spillers, Jr., Jack R. Givens, Tulsa, for plaintiffs in error.

Green & Feldman, W. E. Green, Raymond G. Feldman, Wm. S. Hall and George A. Farrar, Tulsa, for defendants in error.

WILLIAMS, Justice.

The case of Hooker v. Hoskyns, Okl., 328 P.2d 404, was an appeal from a judgment of the District Court of Tulsa County, upon trial de novo, affirming a judgment of the County Court of that county, awarding fees to the special administrators of the estate of Flora B. Barton, deceased, as well as fees to the attorneys for such special administrators, and refusing to surcharge the special administrators with the interest allowed to accrue by the failure to pay federal and state estate taxes when due. Our opinion in such case affirmed that part of the trial court's judgment awarding fees to the attorneys but reversed that portion of the judgment of the lower court refusing to surcharge the special administrators for their failure to pay federal and state estate taxes when due thereby allowing interest to accrue on such amounts. Tono L. Hooker, administrator of the estate of Flora B. Barton, Deceased, and Tono L. Hooker and J. D. Hooker, individually, were the plaintiffs in error, and Chandos A. Hoskyns, the surviving Co-Special Administrator of the estate of Flora B. Barton, Deceased, and Estelle C. Barton, Administratrix of the Estate of Charles O. Barton, deceased, Co-Special Administrator of the estate of Flora B. Barton, Deceased, were the defendants in error. The parties to the instant appeal are identical to those of Hooker v. Hoskyns, supra, and occupy the same position herein as they did in that cause.

After the decision in Hooker v. Hoskyns, supra, and upon remand to the district court, in that court the parties stipulated that $7,088.04 was the net amount of interest to be surcharged against the special administrators. Also, the parties stipulated that the county judge who had originally heard the matter could hear and determine the amount of fees, if any, to which the special administrators were entitled. It was further stipulated and agreed that he, as special master, could consider all proceedings he had theretofore conducted in the matter as well as all the pleadings, casemade and documented evidence previously filed in such cause.

After a hearing the special master "recommended that the special administrators be allowed a statutory fee of $1,700.00 and $1,300.00 for extraordinary services and the expenses as above outlined in the sum of $1,432.00."

The trial court adopted such report and surcharged the special administrators in the net amount of $2,656.04. The special administrators tendered $2,656.04, in payment of the trial court's judgment. Plaintiffs in error refused the tender and perfected this appeal.

For reversal plaintiffs in error advance two propositions. The first is that "The Trial Court erred in allowing the special administrators any fee whatsoever." For the reasons hereinafter discussed, we do not agree.

Plaintiffs in error contend that "if the present order of the District Court is sustained there will be remaining in the estate only $2,792.95 (plus the jewelry) with which to repay Tono L. Hooker and J. D. Hooker the remaining balance owed to them by the estate of $6,530.73 which they loaned it in order to get rid of a Federal estate tax claim of $18,143.54 and substitute in its place an estate tax refund of $7,003.22, to say nothing of paying a fee to Tono L. Hooker for his long and faithful services as administrator, or a fee to his attorneys whose files on this estate are at least six inches thick."

In the case of Hooker v. Hoskyns, supra, in urging reversal of the trial court's judgment plaintiffs in error argued that

the special administrators should be denied fees, and surcharged because they negligently and carelessly failed and neglected to pay estate taxes as the same became due and payable. In that case we sustained such contention as to surcharging the special administrators, but left to the discretion of the trial court the matter of their compensation.

In that case at page 414 of 328 P.2d the following language summarized our determination of such argument:

"* * * Since the record before us does not disclose the exact date of the order of the county court * * and we cannot determine the exact amount of interest with which the special administrators should be surcharged, the judgment appealed from is reversed and the cause remanded with instructions to the trial court to determine such date and such amounts in accordance with the views hereinabove expressed and to surcharge the special administrators accordingly, subject, of course, to such offsets as the special administrators may show themselves entitled by virtue of interest earned by the assets of the estate after the date the estate taxes were due which would not have been earned had such assets been converted to cash and applied to the payments of the estate taxes, and, *in the discretion of the court, by virtue of the fee allowed or which court may determine should have been allowed the special administrators.*" (Emphasis added.)

In the syllabus of the case of Ray v. J. I. Case Plow Works Co., 176 Okl. 96, 54 P.2d 669, we held:

"Where a matter is presented to this court on a third appeal and has formerly been determined by the opinions rendered herein, this court will examine the record, and, where no new question is involved, will dismiss the same as without merit."

The fact that the special administrators were surcharged as a result of their failure to pay certain estate taxes when due thereby requiring the paying of interest thereon would not of itself necessarily deprive the special administrators of the right to compensation for the services rendered by them during the five years they so served.

The author in 34 C.J.S. Executors and Administrators § 876, pp. 1046, 1047 and 1048, states:

"The general rule is that an executor or administrator who has been guilty of fraud, willful default, gross negligence, or other misconduct in the administration of the estate, by reason of which the estate has suffered detriment, may be deprived of all or a part of the compensation to which he would otherwise be entitled, although there is also authority for the view that the representative is not to be deprived of compensation by reason of any fault, mismanagement, or * * negligence or fraud * * *."

In the case of In re Cook's Estate, 193 Okl. 400, 144 P.2d 105, in the first paragraph of the syllabus, we held:

"An executor who has been removed from mismanagement of the affairs of the estate is not as a matter of law thereby deprived of compensation for his services as such executor."

Therein we further held that the awarding of compensation to an executor who has been removed because of mismanagement of the affairs of the estate is within the discretion of the trial judge.

However, as stated in Hansen v. Cunningham, Okl., 285 P.2d 432, "the discretion vested in a trial court is a sound legal discretion to be applied in accordance with recognized principles of law, rather than an arbitrary discretion to be exercised at will by a trial court." As stated in the case of Russell v. Margo, 180 Okl. 24, 67 P.2d 22, we will examine the entire record in determining whether a trial court has abused its discretion or acted arbitrarily. In view of all the circumstances of this case we determine that the allowance by

the trial court of $1300.00 to the special administrators for extraordinary services was not warranted.

The second proposition of plaintiffs in error is that "The Trial Court erred in allowing the special administrators reimbursement for their alleged expenditures."

In support of this proposition plaintiffs in error cite no authorities, but contend "that the expenses had already been disallowed by the County Court on the original hearing and no appeal was taken therefrom, and were, therefore, not properly a part of the trial de novo in the District Court; that it was at variance with the instructions of the Supreme Court in its mandate handed down on the original appeal of this cause"; "that the evidence utterly failed to show that the special administrators paid for all or any part of the expenses claimed."

In the case of Hooker v. Hoskyns, supra, in setting forth items for possible allowance to the special administrators as offsets against the surcharge, as hereinabove set forth, we stated: "in the discretion of the [trial] court by virtue of the fee allowed or which [trial] court may determine should have been allowed the special administrators."

At the hearing before the special master on June 26, 1961, the following transpired:

"MR. SPILLERS: Just a minute, now if your Honor please. That was a matter appearing before your Honor at the outset. And at the hearing of the account of the Special Administrators, they asked for certain expenses in connection with a deed litigation, to be reimbursed for that. This Court denied that, and they never took any appeal.

"BY THE COURT: Well, what I did in that, I took into consideration, I took the fees into consideration, I took the surcharge into consideration, and allowed them a small fee, but I did take those into consideration at that time. And I didn't set out a formula but offset one against the other. But that was taken into consideration at that time, and I didn't allow it as a separate item but to try and offset. But it was considered.

\* \* \* \* \* \*

"BY THE COURT: I understand that, but I'm saying that that was taken into consideration at that time in fixing a fee and that's what we've got right here now.

"MR. SPILLERS: As I recall, your Honor denied the claim because of the order of Judge Marks.

"BY THE COURT: No, No. I took that all into consideration. I did deny any of the expenses of the heirs. As I look at this report—Did you want to put him on?"

Such statements by the special master explain why he, when the matter was before him as county judge, allowed the special administrators a fee of only $1,000.00, for five years of services to an estate with assets of approximately $86,000.00.

Apparently both the special master and the trial court felt that it would not have been equitable to the special administrators for the special master to have surcharged them with the interest involved and then have held them to the $1,000.00 compensation previously allowed them since such amount was the result of offsetting their fee with a surcharge. In view of the above statements of the special master, had such action been taken, it would have resulted in a double surcharge against the special administrators. The language last above quoted from the opinion of Hooker v. Hoskyns, supra, of effect that the trial court could determine the fee which should have been allowed the special administrators, was ample authority for the allowance of expenses incurred by the special administrators. This is especially true in view of the foregoing statement of the special master that he had previously, in effect, allowed such expenses.

As hereinabove noted, the parties stipulated that the special master could con-

sider all proceedings heretofore held before him. It would follow that he might properly review the testimony and evidence submitted to him as county judge and his determination of the compensation allowed the special administrators based thereon.

In view of all the circumstances of this case, we determine that the allowance by the trial court of $1300.00 for extraordinary services was not warranted.

Reversed as to allowance of fees to special administrators for extraordinary services; affirmed in all other respects.

HALLEY, V. C. J., and DAVISON, JOHNSON, JACKSON and IRWIN, JJ., concur.

BLACKBIRD, C. J., and BERRY, J., concur but dissent as to rejection of special fee.