Heirs of Blanchard *v.* Heirs of Blanchard.

THE HEIRS OF ANNA BLANCHARD *v.* THE HEIRS OF BARNARD BLANCHARD.

*Will.*

It is not necessary to the due execution of a will that all tho attesting witnesses should actually see each other sign it.   It is sufficient if the testator and witnesses are all in the same room when the signatures of all the witnesses are made, and are there for the purpose of taking part in the execution of the will, and have an opportunity to see all the witnesses sign the will, if they choose to turn their eyes in that direction.

The mere intention or desire on the part of a testator to revoke his will, not carried into effect in the method prescribed by the statute, does not operate as a revocation.

It seems that if such intention be defeated by fraud, a court of equity would interfere to prevent the guilty person from taking advantage of his own wrong; and to restore the fund to the channel from which it was diverted by the fraud.   BENNETT, J.

APPEAL from the decision of the probate court for the district of Randolph, refusing the probate of an instrument purporting to be the last will and testament of Barnard Blanchard.

It appeared that one of the three attesting witnesses to the will, though present in the same room when the testator and the other witnesses signed their names to the same, did not actually see one of the other witnesses make his signature, being engaged in looking in another direction at that time.

The defendants offered to prove that about ten days before the death of the testator, he procured the will · in question for the purpose of revoking it, and sent for a magistrate and witnesses to be present at its revocation, but before they all arrived the will was taken from him without his consent, and withheld from him, and that for that reason the revocation was not consummated; that afterwards he applied to the person who had the will, to get it so that he might revoke it, but his request was not complied with; and that he supposed it to be necessary to have a magistrate and witnesses present to enable him to make a valid revocation of the will.

The plaintiffs objected to this testimony and it was excluded by the court, to which the defendants excepted.

The defendants requested the court to charge the jury that the attestation of the will was not sufficient, but the court declined so to charge, and did charge the jury that if the witnesses who signed the will signed it in the presence of the testator and of each other, and they were present together in the room with the testator when he signed it, for the purpose of being witnesses to his signature, and he signed it in their presence, declaring it to be his last will and testament, and some of the witnesses saw him sign it, and some of them saw the others sign it, it was not necessary to a due execution of the will that all the witnesses should in fact see the testator and all the witnesses sign it, provided they might have seen such signatures made if they had turned their eyes in that direction at the time they were made.

To the refusal of the court to charge as requested, and to the charge as given, the defendants excepted.

*E. Weston* and *William Hebard*, for the defendants.

*L. B. Peck* and *J. B. Hutchinson*, for the plaintiffs, cited in regard to the exclusion by the court of the testimony concerning the attempted revocation of the will; *Giles* v. *Giles*, 1 Cam. & Nor. 174, (note to 2 Greenleaf's Ev. 639) ; 2 Am. Lead. Cases 690 ; *Doe* v. *Harris*, 6 A. & E. 209 ; and, in regard to the attestation of the will, Comp. Stat. 327, sec. 6; *Dean* v. *Heirs of Dean*, 27 Vt. 746 ; 1 Greenleaf's Ev. 349, sec. 272 ; 2 *Id*. secs. 676–678.

BENNETT, J. This case involves the validity of the execution of the will of Barnard Blanchard, and also a question whether it had been revoked by him. Our statute requires that wills, in order to be effectual to pass any estate, either real or personal, should be in writing, and signed by the testator or some other person in his presence, and by his express direction, and attested and subscribed by three or more credible witnesses, in the presence of the testator and of each other. And they are not to be revoked unless by implication of law, or by some will, codicil or other writing executed in the same manner which is prescribed for the execution of wills, or by burning, cancelling or obliterating,

with the intention of revoking, the will on the part of the testator.

It was claimed on the trial that the jury must find, not only that all three witnesses to the will and the testator were present in the same room together when the will was signed and witnessed, but all and each one of them must have seen the others write their names, in order to render it a valid will.

But the court, in substance, told the jury that it was not necessary that all the witnesses should in fact have seen the testator put his name to the will, or that each witness should have seen the other witnesses witness it, provided they were all in the same room with the testator and might have seen the testator sign it and each of the other witnesses attest it.

We apprehend no fault is to be found with the charge. All that the statute requires is, that the will should be in writing and signed by the testator, and attested by three or more credible witnesses in the presence of the testator and of each other. If the situation of the parties were such that the testator might have seen the attestation, and each of the witnesses might have seen the attestation of their associates, it is all that is required. The statute does not require the testator to sign the will in the presence of the witnesses, but the witnesses must attest not only in the presence of the testator, but in presence of one another. And if they were in the same room and might have seen the attestation of one another, that is held to be an attestation in the presence of the testator and of one another. Such has been the repeated adjudication of courts.

It is clear that the facts offered to be proved would not have constituted a revocation of the will. Though the testator might have procured the will for the purpose of revocation, and sent for a magistrate and witnesses to be present at its revocation, yet this does not create a revocation; and the fact that the will was taken from the testator without his consent, and kept from him, and the revocation by this means prevented, cannot alter the case. Though at common law the mode of proof might, perhaps, be immaterial, if the intention to revoke a will was fully established, and an attempt to cancel a will might have the same effect as an actual cancellation, yet the statute prescribing how a will shall be revoked has changed the rule, and now that intention must be

wholly or partially consummated. If the intention of the testator to revoke is defeated by *fraud,* it may be quite probable a court of equity would interfere to prevent the guilty person from taking advantage of his own fraud, and to restore the fund to the channel from which it was diverted by the fraud ; but that is a point not before us, and of course does not receive the consideration of this court.

Judgment affirmed.