## GAY v. GAY.

1. **Will:** REVOCATION BY CANCELLATION: FACTS NOT CONSTITUTING. The cancellation of the signature to a will, made by drawing a scroll through it in such a manner as not to render it illegible, where such a cancellation is not witnessed in the same manner as the making of a new will, as required by section 2330 of the Code, *held* not to constitute a revocation of the will.

2. ———: REVOCATION OF: EVIDENCE: TESTATOR'S DECLARATIONS OF HIS INTENTION. The statute requires that, in order that an act may work the revocation of a will, it must be done with that intention. When, therefore, the act is sufficient to work a revocation, if done with that intention, the declarations of the testator may be admissible to show the intention; but they are not admissible for that purpose, when the act done does not amount to a revocation, even if done with that intention.

*Appeal from Benton Circuit Court.*

MONDAY, DECEMBER 11.

THIS is a proceeding at law to set aside the probate of a will of Harvey D. Gay. The petition alleges that the instrument in question was, at one time, the last will of Harvey D. Gay, but that during his lifetime he destroyed it, by crossing his name, and by cutting and tearing the same, with intent to revoke and destroy the will, and that since that time it has not been of any force or validity. The cause was tried to a jury, and the court directed them to find that the will was not revoked. The plaintiff appeals.

*Bois & Couch* and *Nichols & Burnham*, for appellant.

*Hubbard, Clarke & Dawley*, for appellee.

DAY, J.—Harvey D. Gay died in July, 1878. Some time after his death, his widow, Virginia Gay, discovered a package of papers in the secretary in the back parlor. Soon thereafter she gave the papers to Mr. Hawkins, the administrator of the estate. About the last of August, 1880, the administrator in looking over these papers, which consisted chiefly of canceled mortgages, found the paper in question, purporting to be the last will of Harvey D. Gay. When found, two scrolls were drawn with a pen lengthwise along the signature, but not in such manner as to obliterate it or render it illegible. The will was then filed in the office of the clerk of the Circuit Court for the purpose of probating it. Some time thereafter the deputy clerk, in unfolding the will, tore the right hand margin to the depth of one-eighth or one-fourth of an inch. This tear communicated with and opened a cut just over the signature, about two or three inches in length. When this cut was made does not satisfactorily appear, but the evidence shows that it was not made entirely through the paper, and that it was not visible until it was opened by the deputy clerk.

I. The determination of the question involved will be greatly facilitated by considering the state of the 'law upon
1. WILL : revocation by cancellation: facts not constituting. the subject prior to the adoption of the statute under which the question arises. By the 6th section of the statute of frauds, 29 Car. 2, Ch. 3, it is provided that the revocation of a will by injury to the instrument itself can be effected only "by burning, canceling, tearing or obliterating the same by the testator himself, or in his presence, and by his direction and consent." Under this statute it was held that to constitute a revocation of a will by burning, there must, at least, be a burning of a part of the paper on which the will is (*Doe & Reed v. Harris*, 8

Ad. & E., 1), and that a very slight act of tearing and burning is sufficient to effect a revocation, if done with such intention (*Bibb & Mole v. Thomas*, 2 W. Bl., 1043); that when a pencil instead of a pen is used for cancellation, the revocation is not necessarily ineffectual, and it may be shown that it was intended to be final (*Mence v. Mence*, 18 Ves., 348; *Frances v. Grover*, 5 Hare., 39), and that, in order to constitute a revocation by obliteration, it is not essential that every word shall be obliterated, the revocation being complete, if enough of· the material part be expunged to show an intention that the devise shall not stand, as where the testator draws his pen across the devisee's name. *Mence v. Mence*, 18 Ves., 350; 1 Jarman on Wills, 129–135. The act, 1 Vict., ch. 26, provides that the revocation of a will by injury to the instrument itself, shall be only "by the burning, tearing, or otherwise destroying the same by the testator, or by some person in his presence, and by his direction, with the intention of revoking the same." This statute, it is to be observed, omits the words *canceling or obliterating*, found in the statute of frauds, and substitutes therefor the words *otherwise destroying*. Under this statute it has been held that the words "otherwise destroying" are to be taken to mean a destruction *ejusdem generis* with the modes before mentioned, that is, destruction, in the proper sense of the word, of the substance or contents of the will, or, at least, complete effacement of the writing, as by pasting over it a blank paper (*Re Horsford*, L. R. 3 P. & D., 211); and not a destroying in a secondary sense, as by canceling or incomplete obliteration (*Stephens v. Taprell*, 2 Curt., 458; *Hobbs v. Knight*, 1 Curt., 779); that cancellation and obliteration, unless they prevent the words, as originally written, from being apparent by looking at the will itself, are plainly excluded by the statute (*Re Dyer*, 5, Jur. 1016, *Re Fary*, 15 Jur., 1114), and that glasses may be used for discovering what the words obliterated originally were. 1 Jarman on Wills, 142, and cases cited. Chapter 162 of the Revised Statute of the Territory of Iowa, section

9, respecting the revocation of a will by injury to the instrument itself, provides that "no will, nor any part thereof, shall be revoked unless by burning, tearing, canceling or obliterating the same, with the intention of revoking it, by the testator himself, or by some person in his presence, and by his direction." This, it will be observed, is identical with the statute. 29 Car. 2, ch. 3. In the Code of 1851, the provisions of our present statute were adopted, as follows: "Section 1288. Wills can be revoked, in whole or in part, only by being canceled or destroyed by the act or direction of the testator, with the intention of so revoking them, or by the execution of subsequent wills. Section 1289. When done by cancellation, the revocation must be witnessed in the same manner as the making of a new will." Revision § § 2320, 2321; Code of 1873, § § 2329 and 2330.

When a statute provides the manner in which a will may be revoked, that manner must be pursued. *Wright v. Wright*, 5 Ind., 391; *Runkle v. Gates*, 11 Ind., 95; *Blanchard v. Blanchard*, 32 Vt., 62; *Gains v. Gains*, 2 A. K. Marshall, 190; *Clingan v. Mitcheltree*, 2 Pa. St., 25; *Doe & Reed v. Harris*, 6 Ad. & Ellis, 209. Our statute provides that a will may be revoked, in whole or in part: *First*. By being destroyed: *Second*. By being canceled, the cancellation being witnessed in the same manner as the making of a new will. If the scroll drawn over the name of the testator had entirely obliterated the signature, this might have worked a destruction of the will, upon the ground that it had destroyed that without which the will could not exist. See *Hobbs v. Knight*, 1 Curt. Ecc. Rep., 768; *Price v. Powell*, 3 H. & N., 341. *The Goods of Harris*, 3 Sw. & Tr., 485; *Goods of Gullan*, 1 Sw. & Tr., 23; *Goods of Coleman*, 2 Sw. & Tr., 314. In this case, however, the scrolls drawn across the signature of the testator do not obliterate it, nor render it illegible. They do not, therefore, constitute a destruction of the will. See *Re Dyer*, 5 Jur., 1016; *Re Fary*, 15 Jur., 1114; *Re Brewster*, 6 Jur. N. S., 56; *Lushington v. Onslow*, 12

Jur., 465; *Stephens v. Laprell*, 2 Curt., 458; *Re Beavàn*, 2 Curt., 369; *Re Ibbitson*, 2 Curt., 337; *In the Goods of Horsford* L. R. 3 P. & D., 211.

It is insisted 'by the appellant that, as the statute provides for the partial revocation of a will by its being destroyed, the word destroyed cannot mean annihilated, but is sufficiently answered by what was done in this case. It is. apparent, however, that there may be a destruction of a particular part of a will by erasure or complete obliteration, and that, admitting that *destroyed* does not, as used in the statute, mean *annihilated* it does not follow that a will may be destroyed by simply drawing a scroll through the signature. The most that can be said for what was done in the present case is, that it constitutes a cancellation of the signature not rendering it illegible, and, as it was not witnessed in the manner required by section 2330 of the Code, it is inoperative. The court did not err in directing a verdict for the defendant.

II. The plaintiff introduced as a witness one Paul Carrel, and offered to prove by him that, in the early part of 1878,

2. —— : revocation of : evidence : testator's declarations of his intention.

decedent had a conversation with the witness, in which he went over the question of his property, and in his conversation, referring to the terms of what he claimed to have been his will, said that he had destroyed it, that the law would make a proper distribution of his property to suit him, and that his wife would now get, under the law, what she would have got under the old will, and that he had destroyed his will and should not make another. The plaintiff, also, introduced one Kenedy, and offered to prove by him that he had a conversation with Mr. Gay, about two weeks prior to his death, with reference to the disposition of his property, in which he said that he had destroyed his will; that he had made a will at one time, but had since destroyed it; that at the time he made his will he desired his wife to have all the property he had; that since that time his property had more than doubled, and that now, if he should die, his wife would get as much as she would at

the time he made his will, if she had got it all; that he did not propose to go back on his mother.; that he ought to do something for her, and that he had destroyed his will and should not make another. The defendant objected to this testimony and the objection was sustained. The appellant assigns this action of the court as error. The statute requires that the act of destruction or cancellation which will work a revocation of a will, must be done with the intention of revoking it. When the act is sufficient to work a revocation, if done with that intent, the declarations of the testator may be admissible to show the intent. See *Bibb v. Thomas*, 2 W. Black, 1043; *Harring v. Allen*, 25 Mich., 505; *Sawyer v. Smith*, 8 Mich, 411. When, as in this case, however, the act done does not amount to a revocation, the declarations of the testator are not admissible to prove a revocation. Redfield on Wills., page 331; *Staines v. Stewart*, 8 Jur. N. S., 440; *Waterman v. Whitney*, 11 N. Y., 157; *Doe & Shallow-cross v. Palmer*, 16 Q. B., 747; *Jackson v. Kniffen*, 2 Johns., 31.

The court did not err in rejecting the proffered testimony.

AFFIRMED.