CUTLER v. CUTLER.

(Filed March 24, 1903.)

1. WILLS—*Revocation—Presumptions.*

   Where a will, having been in the possession of the testator, has the signature of the testator erased, it is *prima facie* evidence of its revocation.

2. EVIDENCE—*Corroborative Evidence—Wills.*

   Where a witness testifies that a maker of a will told him that he (the witness) would not have to qualify as executor, as he had destroyed his will appointing witness executor, such witness may state in corroboration of this evidence that he did not qualify because of this statement to him by the testator.

ACTION by S. A. Cutler against C. C. Cutler and others, heard by Judge *George A. Jones* and a jury, at April Term,

1902, of the Superior Court of BEAUFORT County.   From a judgment for the defendants, the plaintiff appealed.

*Chas. F. Warren,* for the plaintiff.
*Small & McLean* and *B. B. Nicholson,* for the defendants.

MONTGOMERY, J.   This was a proceeding in which the issue was *devisavit vel non.*   The script when offered for probate had not a trace of the signature of the testator.   It had been completely removed, by all the evidence, before the death of the testator.   There was evidence tending to show that the testator had torn off his name with the intent to revoke his will, and there was also evidence tending to show that notwithstanding he knew of the mutilation he did not acquiese, or adopt and ratify the mutilation, but still re- garded the paper writing as his last will and testament.

The chief contention between the parties is over the effect of the mutilation, whether or not it was a revocation of the will; and the test of correctness of his Honor's instruction to the jury on that matter is, whether or not in substance he gave the following special request of the caveator—(7) : Now in this case I charge you that it is necessary for the pro- pounders to establish two things, first, that the will was properly executed in the first instance.   Upon this point I charge you, if you believe the evidence that it was properly executed.   The paper however is produced in a mutilated condition and the name of the testator is gone from the will. The will had been in the possession of Nathan C. Cutler.   It devolved upon the propounders to account for this mutila- tion, and the paper is not the will of Nathan C. Cutler until they have done so to the satisfaction of the jury.   When the paper was produced without the name of Nathan C. Cutler it was *prima facie* evidence of a revocation by him, and the law presumed that it had been revoked by him.   This pre- sumption might be repelled, but the burden of doing so is

upon the propounders to show by the greater weight of evidence that it was not revoked. From the appearance and condition of the will while in his possession, the law presumes that he revoked it. If the propounders shall fail to repel this presumption by the greater weight of evidence, then it is your duty to answer the issue "no."

That instruction embraced substantially the decision of this court on that point when the case was here before—130 N. C., 1; 57 L. R. A., 209.

The first branch of that instruction was given almost literally. On the latter branch of the instruction, his Honor in one place said that "Unless the said will was revoked by the said Nathan C. Cutler before his death, then you will find that the said paper writing is the last will and testament of said Nathan C. Cutler, and you should answer the issue 'yes,' but if you find he *knew* (italics ours) his name was erased from the will, the law would presume he revoked it."

In another place he said: "If you find that the said Nathan C. Cutler *knew* his name had been erased from the will in time to have executed another, then the law would presume that he had revoked his will, and the burden would be on the propounders, Martha Cutler and others, to satisfy the jury by the greater weight of the evidence that the name of the said Nathan C. Cutler had not been removed from said paper writing by his consent, or that he did not revoke it after his name was erased from the paper while it was in his possession or control," and in another place he said: "It is true that the burden is upon the propounders of this will to satisfy the jury that said will was not revoked by Nathan C. Cutler. The propounders contend that the tattered and mutilated condition in which said alleged will was found at the death of Nathan C. Cutler was caused by insects or vermin. They further contend that Nathan C. Cutler did not

ratify or adopt the mutilation of said will by insects or vermin, as his own act. They further contend that Nathan C. Cutler up to the time of his death continued to recognize the said paper writing as his last will and testament, and continued to express his wish that his property at his death should be disposed of in accordance with said will. If you find from all the evidence that the said contentions of the propounders are true, then you will find that the said paper writing is the last will and testament of said Nathan C. Cutler, and you will answer the issue 'yes'."

In our opinion those instructions did not measure up to the requirements of the special prayer requested by the caveator. The will had been in the possession of the testator and when it was produced without his name, that was *prima facie* evidence of a revocation and the law presumed that it had been revoked without further proof of knowledge by the testator of such mutilation. It is very probable that the jury did not get the idea that there was a presumption that the will was revoked by the mutilation, under the facts of this case, whether the testator knew of the mutilation or not, and that was the defect in the charge.

We have looked into the caveator's exceptions to the evidence, and find only one of them of substantial merit. Giles Cutler testified that he was the executor named in the will and that he had promised the testator, if he survived him, to be qualified as such executor, but that he had not qualified; that the testator afterwards stated to him that he had thrown his will away, and that the bugs had disfigured it so that it could not be understood and that he would never be troubled with settling it. The witness was then asked by the caveator why he did not qualify as executor, the caveator stating that he expected to prove by the witness that he did not qualify as executor because Nathan C. Cutler told him that he had thrown his will away, and that the

witness would never be troubled with settling it. The question ought to have been allowed. The refusal to qualify was corroborative of the witness' testimony previously given in regard to the statements of Nathan C. Cutler about his will. The testimony and the corroborative statement were very nearly related to the issue, and in that respect differs materially from the evidence offered in the case of *McQueen v. McQueen,* 82 N. C., 471. For the reasons pointed out there must be a

New Trial.