HANNAH KING RICHARDSON v. WILLIAM R. BAIRD, ET AL., EXECUTORS OF THE WILL OF WM. P. ALLEN, DECEASED, Appellants.

Wills: OBLITERATION IN PART: EFFECT. Where a provision in a will directing the executors to set aside a specific sum for a certain beneficiary has been partly obliterated, but is still legible, and is followed by a clause evidently relating to the same bequest which has been so obliterated as to be illegible, effect will be given to the legible provision without regard to the erased words.

*Appeal from Dubuque District Court.*— HON. M. C. MATHEWS, Judge.

MONDAY, JANUARY 16, 1905.

SUIT to recover a legacy given to the plaintiff by the will of William P. Allen, deceased. The will was executed on the 27th day of July, 1892, at which time the plaintiff, whose maiden name was Hannah King, was about fourteen years of age, and the protégé of the testator. Mr. Allen died in March, 1898, and his will was duly probated in April following. In the second clause of the will, after directions to the trustees named therein, which are not material here, the testator continued: " The trustees will dispose of my personal effects to the best advantage, * * * and I hereby direct them to set aside $500 for the benefit of Miss Hannah King, if living." All of the words quoted above following the word " advantage " were partially obliterated by a pen and ink, and immediately following the word " living " were two lines of writing evidently relating to the same bequest, which were so completely obliterated as to be illegible. There was a judgment for the plaintiff, from which the defendants appeal.— *Affirmed.*

*W. A. Leathers* and *J. B. Powers,* for appellants.

No appearance for appellees.

SHERWIN, C. J.— There is no contention that the obliteration under consideration was made before the will was executed, and the real question in controversy is one of fact. If the obliteration was made by the testator, there can be no question as to his intent in making it. But his intent is wholly immaterial in this investigation, because section 3276 of the Code provides that wills can only be revoked by being canceled or destroyed or by the execution of subsequent wills, and that a revocation by cancellation must be witnessed in the same manner as the making of a new will. There was

no statutory revocation of the will or of the bequest to the plaintiff by cancellation, nor was there a destruction of the parts therof which were legible when the will was offered for probate. But that part of the clause which was completely obliterated was destroyed, and the will remains as if it had never been written. *Gay v. Gay*, 60 Iowa, 415. The bequest to the plaintiff is fairly legible in the will itself, and the weight of the testimony supports thus far the conclusion of the trial court. Beyond this, however, the testimony is in conflict, the appellants contending that the subsequent language of the clause is legible, and that the bequest to the plaintiff was conditioned thereby on her remaining or being unmarried at the time of the testator's death. As we have heretofore said, all of the legible words in the clause must be considered, and, of course, the intent of the testator must govern. But the trouble here is that the original writing on which the appellants depend is so completely obliterated that it is impossible to decipher it with any degree of certainty. We must therefore give effect to the writing which is legible without regard to the entirely obliterated part of the clause.

The judgment is *affirmed*.