## In re ESTATE OF CABLER.

No. 17450—Opinion Filed April 26, 1927.

(Syllabus.)

**1. Wills—Revocation by Tearing Off Testator's Signature.**

Under section 11241, Compiled Oklahoma Statutes, 1921, providing that wills may be revoked in whole or in part: "Second. By being, burnt, torn, canceled, obliterated or destroyed with intent of revoking the same, by the testator himself, or by some person in his presence and by his direction," tearing testator's signature from the principal part of a will is sufficient as a physical fact to constitute a revocation of the will, if done by the testator or at his direction for the purpose of cancellation, although the signature is retained.

**2. Same—Proof of Mutilation by Testator.**

On the issue of revoking a will by mutilation, evidence that at a time just prior to testator's death he took it with him to the hospital and returned with it in his possession, and that immediately before his death it was found in his effects, mutilated, in the absence of any showing to the contrary, is' sufficient to justify a conclusion that testator had possession and control of the will from the time of its execution until his death, notwithstanding testimony that testator several times showed the will to witnesses.

**3. Same—Intent to Revoke.**

Evidence that a will was in testator's possession from the time of its execution until his death, that immediately before his death it was found among his effects, and that when so found it was mutilated, was sufficient to authorize a judgment that the cancellation was done by testator for the purpose and intent of revoking the will.

Error from District Court, Oklahoma County; George W. Clark, Judge.

From a judgment of the district court denying probate of the will of A. T. Cabler, revoking letters executrix issued thereunder to Johnnie Collins and finding that the will was canceled and mutilated with intent to revoke the same, appeal is perfected by Collins. Affirmed.

Walter E. Latimer and Ledbetter, Stuart & Bell, for plaintiff in error.

Wright & Blinn, for defendant in error.

RILEY, J. On July 2, 1925, Johnnie Collins filed in the county court of Oklahoma county, her petition for probate of the will of A. T. Cabler. deceased. Thereafter Frank M. Cabler, a son of deceased, filed his objection to the will, and Maude and Willie Cox likewise filed their objections to the wi.l here involved and tendered a prior will for probate. The county court admitted to probate the will here considered and appointed Johnnie Collins executrix, and denied probate of the prior will. From the judgment rendered, Frank M. Cabler and Maude and Willie Cox appealed to the district court. Johnnie Collins sought the dismissal of the appeal. The district court denied the probate of will presented by Maude and Willie Cox and revoked the letters of executrix issued to Johnnie Collins. As to the will in question the district court found that the same was "canceled and mutilated with intent and for the purpose of revoking same, and that the same was thereby revoked." (C.-M., p. 351.) From which judgment Johnnie Collins appeals.

It is contended by appellant that the notice of appeal from the judgment of the county court is not sufficient, in that it only complains of the action of the county court in appointing Johnnie Collins executrix, and that the same did not include the matter of revocation of the will.

This contention is without merit. for the notice of appeal specifically sets out that the appeal is from the judgment (identifying it) " admitting the will of Albert T. Cabler, deceased." appointing Johnnie Collins executrix,—"denying the contest of this contestant." And, further, that the appeal is taken on both questions of law and fact. The judgment of the county court was a composite one affecting both the probate of the will and the appointment of the executrix thereunder.

It is next contended that the admission of the testimony of J. M. Hoover and Etta James constituted reversible error.

Hoover testified that deceased, during his lifetime, and after he had executed the will, stated to him that he was going to tear it up, and that thereafter the deceased said that he had torn the main part of the will off. and that deceased exhibited the envelope containing the will. and said: "I am in a good will to burn it."

Etta James testified that decedent told her that he was having trouble with Johnnie Collins, and that he was going to tear up his will; that he wanted Frank M. Cabler to have his property.

It is contended that this evidence was not admissible. for the reason that it could not be considered as being res gestae. Caeman v. Van Harke (Kan.) 6 Pac. 620; Throckmorton v. Holt, 180 U. S. 552.

To support the admission of this testimony the appellee says "all of these declarations were made from one to not to exceed ten days from the date the will in fact was mutilated," and cites the rule in Olmstead's Estate (Cal.) 54 Pac. 745; Cutler v. Cutler (N. C.) 30 S. E. 689: Porch v. Farmer (Ga.) 122 S. E. 557; In re Sander's Will (N. C.) 98 S. E. 378; Lawyer v. Smith, 8 Mich. 411.

In the last-cited case it was held that there was evidence of violence to the will, and that whether the act was accidentally or intentionally done was a question of fact, and that such evidence was admissible.

Conceding, but not deciding, that the evidence admitted was objectionable for the reason stated. we do not think that the admission of the same constituted reversible error, in that since the matter was tried to the court, this evidence might be wholly disregarded. Collyer v. Collyer, 110 N. Y. 481.

It is agreed that the will of Cabler dated April 29, 1925. as executed, was a valid holographic will. The real contention is whether or not it was mutilated animus revocandi.

The undisputed evidence is that the decedent in April, 1925, after executing the will, placed it in an envelope, sealed and marked the same, and p'aced it where his other papers were kept, in a drawer. On June 21st, thereafter, upon the occasion of his going to the hospital in his last illness. he called for his will and caused it to be placed in his suit case. Johnnie Collins, his housekeeper, complied with this request. and the will appeared to be in the same condition as when previously observed. The deceased returned from the hospital the following Wednesday, and the coat which he had worn was hung up near his bed, where it remained until Thursday afternoon following. when Johnnie Collins, assisted by a Mrs. McQueen. took the coat through a window and hung it up in a closet in the dining room of Cabler's house. where it remained until the next day, when Johnnie Collins and Mrs. McQueen searched the coat and found the will in the pocket, and at that time the will was in a. mutilated condition. that is, the top of the envelope and other pieces con-

stituting Exhibits 5 to 10, and Exhibit 4, containing testator's signature, and Exhibit 11, containing the signatures of Mrs. J. D. McQueen and C. C. Robinson. were found in the bottom of the envelope wadded together; the signature of the testator was torn from the main body of the instrument. Mr. Cabler died on the Sunday following. On Wednesday and Thursday preceding he had pointed to his coat and had tried to talk, but on account of the condition of his tongue he could not be understood.

Evidence was admitted showing an agreement between the deceased and Johnnie Collins to the effect that he agreed to take care of her on condition that she would keep house for him during the remaining days of his advanced years, and also that after deceased returned from the hospital he treated the appellant kindly. This evidence, we think, was of a counter nature to that to which objection was made by the appellant on the grounds that the same was not res gestae and admissible.

Section 11241, Compiled Oklahoma Statutes, 1921, as to revocation of will. provides, that a will may be revoked:

"* * * Second by being burnt, torn, canceled. obliterated or destroyed, with intent and for the purpose of revoking the same, by the testator himself, or by some person in his presence and by his direction."

In pari materia may be considered section 11242, Compiled Oklahoma Statutes, 1921, which provides:

"When a will is canceled or destroyed by any other person than the testator, the direction of the testator, and the fact of such injury or destruction, must be proved by two witnesses."

The will as presented for probate showed that there was torn from the principal part of the instrument and from other parts. the piece between the testator's signature containing the witness clause. The testator's signature was torn in two between the initials, and both parts were separated from the general text. The witnesses' signatures were divided by being torn.

It is needless to discuss the witness clause or witnesses' signatures in an holographic will such as this. Section 11230, Compiled Oklahoma Statutes, 1921; In re Soher's Estate (Cal.)) 21 Pac. 8.

In Avery v. Pixley, 4 Mass. 460, the rule was followed:

"Although sealing is not essential to the validity of a wi'l. tearing off the seal works a total revocation, if the will professes to be executed and attested as a sealed instrument, or the animus revocandi be shown by evidence aliunde."

The decisive matter is as to the burden of proof to establish in the case at bar the intention of the testator to revoke the will, and we need consider only the fact established that the signature was torn from the remainder of the instrument.

40 Cyc. 1191, states:

"It is the animus which must govern the extent and measure of operation to be attributed to the act. and determine whether the act shall effect the revocation of the whole instrument, or only of some, and what portion thereof."

It further said:

"It is obvious that the mutilation may be of such a part as to afford evidence that the deceased did not intend the document any longer to operate as his will."

In the following cases it was held that tearing off or cutting out signatures revoked the whole will, at least where no contrary intention appeared: Gay v. Gay, 60 Iowa, 415, 14 N. W. 238, 46 Am. Rep. 78; Sanders v. Babbitt, 106 Ky. 646. 51 S. W. 163, 21 Ky. L. Rep. 240; Matter of Jones, 2 Ohio S. & C. Pl. Dec. 409, 2 Ohio N. P. 190; Hobbs v. Knight, 1 Curt. Eccl. 768; Williams v. Tyley, Johns, 530, 5 Jur. N. S. 35, 7 Wkly. Rep. 116, 70 Eng. Reprint 531; Matter of Harris, 10 Jur. N. S. 684, 33 L. J. P. & M. 181, 11 L T. Rep. N. S. 276, 3 Swab. & Tr. 485; Matter of Simpson, 5 Jur. N. S. 1366; Matter of Lewis, 4 Jur. N. S. 243, 27 L. J. P. & M. 31, 1 Swab. & Tr. 31. Matter of Gullon, 4 Jur. N. S. 196, 27 L. J. P. & M. 15, 1 Swab. & Tr. 23, 6 Wkly. Rep. 307; Doe v. Cummings, 6 U. C. Q. B. 305; Magnesi v. Hazelton, 45 J. P. 816, 44 L. T. Rep. N. S. 586; Matter of Wkly. Rep. 687; In re White, 25 N. J. Eq. 501; Hobbs v. Knight, 1 Curt. Eccl. 768; Abraham v. Joseph, 5 Jur. N. S. 179; Evans v. Dallow, 31 L. J. P. & M. 128; Gullan v. Grove, 26 Beav. 64, 53 Eng. Reprint 820; Christmas v. Whinyates, 9 Jur. N. S. 283, 32 L. J. P. & M. 73, 8 L. T. Rep. N. S. 801, 3 Swab. & Tr. 81, 11 Wkly. Rep. 371.

Page on Wills, vol. 1, p. 653, says:

"Tearing a will 'into fragments is unquestionably destruction,' even though the fragments are not destroyed. So apparently is tearing or burning an essential part of the will, such as testator's signature. * * *"

Neither words nor sentences can have validity in and of themselves; the signature in holographic wills, in this jurisidiction, gives force and vitality to the instrument.

In Woodfil v. Patten, 76 Ind. 575, 40 Am. Rep. 269, it is said:

"A will speaks from the death of the testator, and it would be strange indeed if a paper from which the signature is designedly taken, either by erasure, obliteration or by manual tearing, for the very purpose of preventing it from speaking, should ever be allowed to speak."

The testator here possessed the will until his death, notwithstanding that it was in evidence that appellant and her associate, Mrs. McQueen, took it from testator's pocket. The will was not shown to have been in any other's possession. Mutilation animus revocandi was a question of fact, and the presumption must be indulged, under the circumstances presented, that the destruction was the act of the testator, and that such act occurred with intent to accomplish the result produced. These presumptions stand until rebutted, since possession of the will has not been traced to any unfriendly possession.

See: In re Wikman's Estate (Cal.) 84 Pac. 212; Youse v. Forman, 68 Ky. (5 Bush.) 337; Brazill v. Weed. 190 N. Y. S. 44; Cutler v. Cutler (N. C.) 40 S. E. 689, 43 S. E. 630; Holcombe v. Holcombe, 39 N. J. Eq. 592.

The evidence is silent as to who mutilated the instrument, and the burden was upon the proponents to make satisfactory proof of the validity of the will. They failed to assume the burden, and the judgment of the district court must be affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.