BLANCHE MONACH *vs.* JOHN KOSLOWSKI & another.

Suffolk.    January 6, 1948. — March 3, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Unlawful Interference. Trust,* Constructive trust. *Fraud. Equity Jurisdiction,* Unlawful interference, Other remedy. *Conspiracy. Joint Tortfeasors. Res Judicata.*

Tortious and fraudulent conduct on the part of defendants, a daughter of a testator and the daughter's husband, damaging the plaintiff, another daughter of the testator, was sufficiently set forth by allegations of a bill in equity in substance that the defendants, knowing of the existence of a will of the testator giving practically all his property to the defendant daughter and of the testator's purpose shortly before his death to make a new will giving all his property to her and to the plaintiff equally, and with intent to frustrate that purpose, not only failed to perform a gratuitous promise to the testator to give his attorney a message concerning the making of a new will, but gave the attorney a different and false message, whereby the purpose of the testator was in fact frustrated, that he continued to entertain that purpose until his death, and that he left property, one half of which would have passed to the plaintiff had it not been for the conduct of the defendants, but all of which went to the defendant daughter through probate of the existing will; and it was unnecessary expressly to allege the existence of any fiduciary relationship or that the testator had mental capacity to make a new will.

A decree admitting a will to probate did not bar a subsequent suit in equity based on damage to the plaintiff through tortious and fraudulent conduct of the defendant, the sole beneficiary under that will, whereby a purpose of the testator to make a new will giving half of his property to the plaintiff had been frustrated.

An allegation that the defendants, one of whom was the sole beneficiary under a will, conspired to prevent the testator from making a new will giving half of his property to the plaintiff, was no more than an allegation that the defendants acted jointly.

Allegations in a bill in equity sufficiently setting forth tortious and fraudulent conduct of the defendant, the sole beneficiary under a will, whereby the testator was prevented up to the time of his death from carrying out an intention to make a new will giving half of his property to the plaintiff and the defendant took all his property through probate of the existing will, made out a case for the imposition on the defendant of a constructive trust for the benefit of the plaintiff to the extent of half of the property, and the bill was not open to the objection that the plaintiff had an adequate remedy at law.

BILL IN EQUITY, filed in the Superior Court on March 19, 1947, and afterwards amended, against John Koslowski and Mary Koslowski.

The prayers of the bill were that the defendant Mary Koslowski "be declared trustee of one half of the real property which she obtained under the will of Walter Micanowich, for the use and benefit of" the plaintiff, and "be ordered to turn over" such share to the plaintiff; that the defendant Mary Koslowski "be ordered to make an accounting of the rents and profits of the real estate"; that "all loss sustained or damage suffered by" the plaintiff be ascertained and that the defendants be ordered "to pay for the same"; and for incidental relief.

Demurrers were heard by *Williams*, J.

*J. P. Healey*, (*W. J. O'Neill* with him,) for the plaintiff.

*D. L. Allison*, for the defendants.

RONAN, J. This amended bill in equity alleges that the plaintiff and the female defendant were the daughters and only heirs at law of Walter Micanowich; that the latter executed a will on July 28, 1944, which, notwithstanding the opposition of the plaintiff, was admitted to probate; that this will, other than a bequest of $1 to the plaintiff, devised and bequeathed all of the testator's property to the female defendant; that the testator had been ill for a long time previous to his death on November 30, 1945; that while a patient at a convalescent home in November, 1945, he had "a conversation" with the female defendant and her husband, the other defendant, from which the defendants learned that the testator desired to have his attorney visit him for the purpose of making another will; that the defendants promised the testator that they would communi-

cate with the attorney and tell him of this conversation with the testator; that the defendants did not advise the attorney of this conversation but delivered to him a wholly different message, which was false, for the purpose of preventing the testator from making a new will; that the defendants knew the contents of the will of July 28, 1944, and that the female defendant was virtually the sole beneficiary; that the testator desired to see his attorney for the purpose of executing a new will leaving his property in equal shares to his two daughters; that the defendants, knowing this intention, conspired to prevent such a will being drawn; and that, if the testator's message to his attorney had been given by the defendants to the attorney, the latter would have visited the testator, who would have revoked the existing will and executed a new will leaving his property equally to his daughters as he intended and continued to intend up to the time of his death. The plaintiff appealed from an interlocutory decree sustaining the demurrers of the defendants to the amended bill and from a final decree dismissing the bill.

The demurrers, besides setting up want of equity, allege various special grounds applicable to the whole or different parts of the bill. All grounds of these demurrers are open on appeal. *Ratte* v. *Forand*, 299 Mass. 185. *Arena* v. *Erler*, 300 Mass. 144. *Siegel* v. *Knott*, 316 Mass. 526.

A bill of complaint must state in clear and precise language all the material facts necessary to entitle the plaintiff to the relief sought in order that the defendant may be reasonably apprized of the nature of the claim and be able to file appropriate pleadings for the protection of his rights. *Carson* v. *Gikas*, 321 Mass. 468. *Bressler* v. *Averbuck*, *ante*, 139. The facts well pleaded and only the necessary inferences from those facts are admitted by a demurrer. *Johnson* v. *East Boston Savings Bank*, 290 Mass. 441. *Chandler* v. *Lally*, 308 Mass. 41. *Becker* v. *Calnan*, 313 Mass. 625. The bill is to be reasonably construed and is sufficient if it sets forth all the facts essential to a cause of action in such a manner as to be intelligently understood, even though it may contain minor defects which do not

obscure or render doubtful the case presented by the bill. *Clair* v. *Colmes*, 245 Mass. 281. *Shea* v. *Shea*, 296 Mass. 143. *MacLennan* v. *MacLennan*, 311 Mass. 709.

The bill does not state the language of the alleged conversation between the testator and the defendants, but the various other allegations pertaining to this conversation clearly show that what the testator said was that he desired to have his attorney call upon him so that he could make another will leaving his property in equal shares to his two daughters. There is nothing in the contention that, even though the defendants promised to convey this message to the attorney, it was a gratuitous undertaking and the failure to perform would not impose any liability upon the defendants. The nonperformance by the defendants was only one of the elements of the plaintiff's case and merely constituted one of the means by which the alleged fraud was perpetrated. The defendants not only failed to perform but they gave the attorney a false message so that he would not call upon the testator. It was unnecessary to allege the existence of a fiduciary relationship. The will of July 28, 1944, had never been revoked as matter of law, and the plaintiff need not go any farther than to show that the attempt of the testator to revoke that will and to execute another will was frustrated by the wrongful interference by the defendants with the expectancy of the plaintiff for their own personal gain. The issue now raised could not have been involved in the probate of the 1944 will, and the decree admitting this will to probate does not bar the plaintiff from maintaining the instant bill. Freeman, Judgments (5th ed.) § 814. The charge that the defendants entered into a conspiracy to prevent the execution of a new will amounts to no more than an averment that they acted jointly. *Fleming* v. *Dane*, 304 Mass. 46. *Buckley* v. *John*, 314 Mass. 719. The conclusion that they did prevent the decedent from making a new will is supported by the specific acts alleged to have been done by the defendants for the accomplishment of this purpose. The bill sufficiently alleges that the plaintiff, but for the conduct of the defendants, would have received one half of her father's property. The most serious

objection to the bill is that it does not allege directly and categorically that the testator left any estate, and the contention is pressed that the plaintiff could not have been harmed by the acts of the defendants of which she complains. The bill alleges by necessary implication that the decedent had property at the time of his death. *Comerford* v. *Meier*, 302 Mass. 398. *United Shoe Machinery Corp.* v. *Gale Shoe Manuf. Co.* 314 Mass. 142. *Foster* v. *Shubert Holding Co.* 316 Mass. 470. *Laughlin Filter Corp.* v. *Bird Machine Co.* 319 Mass. 287. *Hogan* v. *Hogan,* 320 Mass. 658. The plaintiff was not required to allege that the testator at the time he desired to make a new will was mentally competent to do so. The plaintiff could rest upon the presumption that the testator was sane and had sufficient capacity to make a will. *Richardson* v. *Bly,* 181 Mass. 97. *Clifford* v. *Taylor,* 204 Mass. 358. *Payne* v. *R. H. White Co.* 314 Mass. 63.

We pass now to the objection that the plaintiff has a plain, complete and adequate remedy at law. There are strong intimations in our decisions that one who has been deprived of a devise, legacy or gift which a testator or donor would have given to him but for the wrongful interference of another may maintain an action of tort against the latter for the recovery of damages. *Lewis* v. *Corbin,* 195 Mass. 520. *Ross* v. *Wright,* 286 Mass. 269. *Keegan* v. *Norton, ante,* 158. It has also been intimated that one ought not to be allowed to profit by his own wrong, and that the property which he acquired by a fraud which prevented another for whom it was intended from receiving it may be impressed with a constructive trust for the benefit of the latter. *Brignati* v. *Medenwald,* 315 Mass. 636, 638. A remedy in equity where the plaintiff may lay hold of the property in the hands of the wrongdoer would be preferable in many cases to an action of tort. See Scott, Trusts, § 489.4; Pomeroy, Equity Jurisprudence (5th ed.) § 1054c. Damages at best are only an approximation of the loss, while relief in equity, by requiring the wrongdoer to transfer to the intended devisee or legatee that which would have gone to him but for the fraud of the former, gives the in-

tended beneficiary exactly what he would have received in the absence of such fraud. The availability and advantages that accrue from proceedings in equity over common law actions in instances somewhat similar to the present case have recently been fully discussed with an ample citation of cases in *Sanford* v. *Boston Edison Co.* 316 Mass. 631, 634, 635, to which should be added *Friend Brothers, Inc.* v. *Seaboard Surety Co.* 316 Mass. 639, and *Rigs* v. *Sokol,* 318 Mass. 337.

All the other grounds of demurrer have been examined, but there is nothing in them calling for further discussion.

The bill sufficiently alleges that, but for the wrongful interference by the defendants with the attempt of the decedent to make a new will giving the plaintiff one half of his property, the plaintiff would have received this share of the property, and presents a case where a court of equity will impose a constructive trust for the benefit of the plaintiff to the extent of this share of the property which the defendants have wrongfully acquired. *Dixon* v. *Olmius,* 1 Cox Ch. 414. *Barron* v. *Stuart,* 136 Ark. 481. *Brazil* v. *Silva,* 181 Cal. 490. *Dowd* v. *Tucker,* 41 Conn. 197. *Thomas* v. *Briggs,* 98 Ind. App. 352. *Gains* v. *Gains,* 2 A. K. Marsh (Ky.) 609. *Bohannon* v. *Wachovia Bank & Trust Co.* 210 N. C. 679. *Blanchard* v. *Blanchard,* 32 Vt. 62. Restatement: Restitution, § 184, comment i. Scott, Trusts, § 489.4. Page, Wills, § 444. 98 A. L. R. 474.

The interlocutory decrees sustaining the demurrers and the final decree dismissing the bill are reversed.

*So ordered.*